**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| MANIMEGALAI LOGANATHAN, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 4:25-cv-120 |
| FERGUSON ENTERPRISES LLC, | ) ) ) | |
| *Defendant*. | ) ) ) | |

**DEFENDANT FERGUSON ENTERPRISES, LLC'S ANSWER
AND AFFIRMATIVE AND OTHER DEFENSES TO THE COMPLAINT**

Defendant Ferguson Enterprises, LLC ("Defendant"), by counsel, states the following as its Answer and Affirmative and Other Defenses to the Complaint filed by Plaintiff Manimegalai Loganathan ("Plaintiff").

To the extent not specifically admitted herein, all allegations in the Complaint are denied. Furthermore, the section headings included herein are only for the purposes of clarity and organization. Defendant does not admit, but rather specifically denies, any factual or legal allegations in the headings used in the Complaint.

**INTRODUCTION**

1. Defendant admits that the Plaintiff brings this lawsuit seeking recovery against Defendant for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Virginia Human Rights Act, Va. Code § 2.2-3900 *et seq.* ("the VHRA"). Defendant otherwise denies the remaining allegations in Paragraph 1. Defendant specifically denies that it has violated Title VII or the VHRA

2. Defendant denies the allegations in Paragraph 2.

3. Defendant admits that Plaintiff seeks damages based on Plaintiff's alleged race discrimination claims. Defendant otherwise denies the remaining allegations in Paragraph 3. Defendant specifically denies that it has discriminated against Plaintiff on the basis of race or any other unlawful basis. Defendant further specifically denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

4. Defendant admits that this Court has subject matter jurisdiction over the allegations in this Complaint under 28 U.S.C.§§ 1331 and 1343 because the allegations in the Complaint present federal questions. However, Defendant denies the remaining allegations in Paragraph 4 and avers Plaintiff failed to exhaust administrative remedies.

5. Defendant admits that this Court has supplemental jurisdiction over Plaintiff's alleged claim under the VHRA pursuant to 28 U.S.C.§ 1367. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits that venue is proper in this judicial district. Defendant otherwise denies the allegations in Paragraph 6.

## PARTIES

9. Defendant admits that Plaintiff is an adult. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9[1] regarding Plaintiff's current residency and therefore denies the same.

7. Defendant admits that it employed Plaintiff in Virginia from July 2, 2018 to February 11, 2025. Defendant denies the remaining allegations in Paragraph 7.

---

[1] Plaintiff appears to have misnumbered the paragraphs of her Complaint as there are two Paragraph "9s"—one of which follows Paragraph 6 of the Complaint. Nonetheless, Defendant answers each paragraph of the Complaint as labeled therein.

2

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant admits that it employed Plaintiff in Virginia from July 2, 2018 to February 11, 2025.  Defendant denies the remaining allegations in Paragraph 9.

## PROCEDURAL BACKGROUND

10.      Defendant denies the allegations in Paragraph 10.

11.      Defendant admits that the U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Determination and Notice of Rights Letter on June 10, 2025 (the "Letter").  Defendant avers that the Letter speaks for itself.  Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11 regarding the date on which Plaintiff "received" the Letter and therefore denies the same.  Defendant denies the remaining allegations in Paragraph 11.

12.      Defendant admits that Plaintiff filed the Complaint on September 8, 2025. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 12 regarding the date on which Plaintiff "received" the Letter and therefore denies the remaining allegations in Paragraph 12.

## STATEMENT OF FACTS

13.      Defendant denies the allegations in Paragraph 13.

14.      Defendant admits that it began employing Plaintiff on July 2, 2018.  Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 regarding how Plaintiff identifies herself and therefore denies the same.  Defendant denies the remaining allegations in Paragraph 14.

15.      Defendant admits that Plaintiff was promoted four times during her employment by Defendant.  Defendant denies the remaining allegations in Paragraph 15 as stated.

16.     Defendant admits that it paid Plaintiff an annualized base salary of $105,967.44 between December 1, 2023 and September 30, 2024.  Defendant denies the remaining allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant admits that Plaintiff filed a Complaint with the EEOC.  Defendant denies the remaining allegations in Paragraph 22. Defendant specifically denies it has retaliated against Plaintiff on any unlawful basis.  Defendant further denies that Plaintiff is entitled to any relief whatsoever.

23.     Defendant admits that it placed Plaintiff on a Performance Improvement Plan beginning on November 21, 2024.  Defendant further admits that Plaintiff's employment with Defendant ceased on February 11, 2025.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 23 regarding the date on which the EEOC "acknowledged" Plaintiff's EEOC complaint and therefore denies the same.  Defendant denies the remaining allegations in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24 as stated.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant admits that Plaintiff's employment with Defendant ceased on February 11, 2025.  Defendant denies the remaining allegations in Paragraph 26.

27.     Defendant admits that Plaintiff seeks compensatory and liquidated damages in an amount to be determined at trial.  Defendant denies the remaining allegations in Paragraph 27.  Defendant specifically denies that it has discriminated or retaliated against Plaintiff on any unlawful basis.  Defendant further denies that Plaintiff is entitled to any relief whatsoever.

28.     Defendant admits that Plaintiff seeks interest, attorney's fees, costs, and other legal and equitable remedies based on the alleged claims in Plaintiff's Complaint.  Defendant denies the remaining allegations in Paragraph 28 and specifically denies that Plaintiff is entitled to any relief whatsoever.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII – DISCRIMINATION AND
### RETALIATION ON THE BASIS OF RACE AND NATIONAL ORIGIN

29.     Defendant restates each and every answer to each and every preceding paragraph and incorporates each and every answer by reference as though fully stated herein.

30.     The allegations in Paragraph 30 consist of legal contentions, conclusions, and/or characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35.

## COUNT II
### VIOLATIONS OF THE VHRA – DISCRIMINATION AND RETALIATION ON THE BASIS OF RACE AND NATIONAL ORIGIN

36.     Defendant restates each and every answer to each and every preceding paragraph and incorporates each and every answer by reference as though fully stated herein.

37.     The allegations in Paragraph 37 consist of legal contentions, conclusions, and/or characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 37 and specifically denies that it violated the VRHA.

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant denies the allegations in Paragraph 39.  Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

### PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint, including subsections (A) through (F), constitute Plaintiff's Prayer for Relief.  Defendant denies that Plaintiff is entitled to any remedy or relief whatsoever.

### DEMAND FOR TRIAL BY JURY

Defendant admits that Plaintiff seeks a jury trial on all issues referenced in the Complaint. Defendant denies that any issue therein referenced is properly triable by jury, and Defendant denies all allegations of liability.

All allegations not expressly admitted herein are denied.  Defendant reserves the right to amend its response to the above allegations as additional information becomes available.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant avers that each of the following affirmative and other defenses is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Defendant does not impliedly or otherwise undertake any burden of proof or production as to any

6

of these defenses that the law does not otherwise impose.  Defendant reserves the right to assert additional defenses as they become known during the course of discovery, and expressly reserves the right to amend and/or supplement its Affirmative and Other Defenses.

1.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     All claims with respect to acts or events occurring more than three hundred days before the filing of Plaintiff's Charge of Discrimination with the EEOC are barred by the applicable statute of limitations or statutory procedural requirements.

3.     The Complaint is barred to the extent that the allegations and claims therein do not reasonably fall within the scope of claims made in the Charge of Discrimination that Plaintiff filed with the EEOC, and Plaintiff has failed to timely or properly exhaust Plaintiff's administrative remedies as required by law.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

5.     Plaintiff's claims are not actionable because Plaintiff cannot establish a *prima facie* case of race or national origin discrimination, retaliation, or any other violation of Title VII or the VHRA under any theory.

6.     No decision regarding Plaintiff's employment was motivated by discriminatory or retaliatory animus.  Instead, all decisions were made on the basis of legitimate, non-discriminatory, and non-retaliatory reasons, and such reasons were not pretext for intentional or legally prohibited discrimination or retaliation.

7.     Any employment decisions Defendant made with respect to Plaintiff were wholly unrelated to Plaintiff's alleged race, national origin, or participation in protected activity, and

7

Defendant would have made the same employment decisions regardless of Plaintiff's alleged race, national origin, or participation in protected activity.

8. Defendant asserts that there is no causal connection between Plaintiff's alleged race, national origin, or participation in protected activity and any adverse employment action allegedly suffered by Plaintiff.

9. Defendant asserts that Plaintiff's alleged race, national origin, or participation in protected activity was not a motivating factor in any adverse employment action allegedly suffered by Plaintiff.

10. To the extent it may later be determined that any person committed any unlawful act alleged in the Complaint, which Defendant expressly denies, such acts were committed without Defendant's knowledge or authorization, ratification, or notification, and to the extent that such persons were Defendant's employees, such acts were outside the scope of Defendant's employees' duties. Accordingly, Defendant is not liable under the doctrine of *respondeat superior* or otherwise for the alleged lawful acts and conduct of any such persons.

11. The sole proximate cause of Plaintiff's damages, if any, are Plaintiff's own acts or omissions.

12. The damages Plaintiff allegedly sustained, if any, were not proximately caused by Defendant.

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any harm or injury as a result of Defendant's actions.

14. The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did not exercise reasonable care and failed to take advantage of or exhaust the preventative or corrective opportunities provided to Plaintiff. Defendant exercised reasonable care to prevent and promptly

8

correct any acts of unlawful discrimination or retaliation.  Defendant maintained and enforced policies and procedures prohibiting discrimination and retaliation against its employees, and such policies and procedures encourage employees to come forward with complaints of discrimination or retaliation.  In addition, these policies and procedures provide for the reporting and remediation of all types of discrimination and retaliation.  Plaintiff's use of these policies and procedures in a timely manner would have presented some or all of the alleged harm.  However, Plaintiff failed either to take advantage of preventative or corrective opportunities or to otherwise avoid harm.  To the extent Plaintiff availed herself of these policies and procedures, any such reports or complaints were promptly and adequately investigated and appropriate remedial measures were taken, if applicable.

15.    The relief sought by Plaintiff is barred, in whole or in part, because Defendant took no action with malice, bad faith, or reckless indifference or disregard for any of Plaintiff's rights, and any action Defendant took with respect to the allegations in the Complaint were undertaken in good faith and in the exercise of Defendant's business judgment.

16.    Without conceding that Plaintiff suffered any damages as a result of any alleged wrongful acts by Defendant, any damages award to Plaintiff must be reduced or disallowed because of Plaintiff's failure to mitigate damages, in whole or in part, by exercising reasonable diligence to mitigate Plaintiff's damages.

17.    Defendant is entitled to recover all costs and attorney's fees incurred in this action insofar as the claims alleged in the Complaint are frivolous, unreasonable, and without foundation.

18.    Defendant reserves the right to assert as a defense, should the facts upon completion of discovery establish it, that some or all of Plaintiff's claims or demands for relief are barred or otherwise not actionable because of the after-acquired evidence doctrine.

9

19.     Defendant reserves the right to amend its Answer or assert additional defenses as they may become available through discovery or otherwise.

WHEREFORE, having fully answered the Complaint, Defendant respectfully asks the Court to:

A.     Dismiss the Complaint in its entirety with prejudice and enter judgment on its behalf;

B.     Grant Defendant its costs and attorney's fees incurred in defending this action on the basis that Plaintiff's claims are frivolous, unreasonable, or without foundation; and

C.     Award Defendant such other and further relief as the Court deems just and proper.

Dated: December 8, 2025

**FERGUSON ENTERPRISES, LLC**
By Counsel

*/s/ Amy Morrissey Turk*
Amy Morrissey Turk (VSB No. 44957)
Carl A. Retzloff (VSB No. 97722)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
Telephone: (757) 640-3711
Facsimile: (757) 640-3942
Email: aturk@mcguirewoods.com
Email: cretzloff@mcguirewoods.com

*Counsel for Defendant*
*Ferguson Enterprises, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2025, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send an electronic notification of the same (NEF) to all counsel of record.

/s/ Amy Morrissey Turk
Amy Morrissey Turk (VSB No. 44957)
Carl A. Retzloff (VSB No. 97722)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
Telephone: (757) 640-3711
Facsimile: (757) 640-3942
Email: aturk@mcguirewoods.com
Email: cretzloff@mcguirewoods.com

Counsel for Defendant
Ferguson Enterprises, LLC