**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| MANIMEGALAI LOGANATHAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>FERGUSON ENTERPRISES LLC,<br><br>                    Defendant. | Case No.: 4:25-cv-120 (JKW) (RJK) |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Plaintiff Manimegalai Loganathan ("Plaintiff") hereby respectfully moves this Court for leave file an amended/correct complaint with Defendant's consent. A redline version tracking all changes between the initial complaint and the proposed amended complaint are attached as **Exhibits A and B**, respectively.

### I.      BACKGROUND

This case arises from Plaintiff's claims that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Virginia Human Rights Act, Virginia Code § 2.2-3900 *et seq.* ("VHRA") by discriminating and retaliating against her based on race and national origin in the workplace. Plaintiff was treated differently from her co-employees because of her race and national origin and was held to a higher standard than her counterparts while receiving less pay. Defendant continued to engage in such discriminatory behavior and as a result of Plaintiff's complaints of discriminatory treatment, Plaintiff was terminated from her employment with Defendant on or around February 11, 2025.

Plaintiff exhausted her administrative remedies at the U.S. Equal Employment Opportunity Commission ("EEOC").  EEOC found reasonable cause to believe violations of Title VII occurred. The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on June 10, 2025. Plaintiff's Complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue. Plaintiff timely filed her initial Complaint against Defendant on September 8, 2025. *See* **Complaint**, Dkt. No. 1.

Plaintiff seeks to amend her complaint to correct minor errors in the original pleading.

1

## II.    LEGAL AUTHORITY

Rule 15(a) provides that courts should freely give leave to amend when justice so requires. Leave is to be freely granted in the interest of justice. See Fed. R. Civ. P. 15(a)(2).

The Supreme Court explained the operation of 'freely granting' leave in the seminal case of *Foman v. Davis,* 371 U.S. 178 (1962). So long as the plaintiff is not acting in bad faith, undue delay, or seeking repeated leaves to amend, leave is freely granted "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." Id.

As the *Foman* court explained, when Plaintiff offers a Complaint with new allegations seeking to effectively assert a claim,

> he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

### ARGUMENT

Leave to amend should be granted because the proposed amendment falls within the time permitted by the Court's scheduling order, and the amendment is neither prejudicial nor futile. The purpose of the amendment is to correct and clarify the position of Plaintiff's employment with Defendant from where she started to the time of her termination. This only serves to better clarify Plaintiff's claims and does not prejudice Defendant in any way. This motion to amend is timely. The Court's scheduling order expressly permits amendments to the pleadings through February 4, 2026. *See* **Scheduling Order**, Dkt. No. 11. The amendment is also not futile, and serves to provide the Court with a clear representation of Plaintiff's employment with Defendant and the building level of discrimination she faced until her retaliatory termination. Accordingly, the amendment not only aligns the pleadings but strengthens Plaintiff's legal entitlement to relief.

2

Further, Defendant stipulates to Plaintiff's Motion to Amend Complaint. Defendant's stipulation does not constitute a waiver of any defense alleged in their Answer to Plaintiff's Complaint. Plaintiff further stipulates Plaintiff's Initial Discovery Requests as served on the day that Court grants leave to file the Amended Complaint or otherwise rules on this Motion.

<strong><u>CONCLUSION</u></strong>

**WHEREFORE**, because this motion is timely, supported by good cause, and consistent with the liberal standards of Rule 15(a)(2), Plaintiff respectfully requests that the Court grant leave to file the proposed amended complaint and enter an order deeming it filed as of the date of the Court's order granting this motion.

Dated: Baltimore, MD
    February 4, 2026

*/s/ Aryeh E. Stein*
Aryeh E. Stein, Esq.
Bar No. 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
T: (443) 326-6011
F: (410) 782-3199
astein@meridianlawfirm.com

Emanuel Kataev, Esq., NY Bar # 5154588
*Admitted pro hac vice*
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Manimegalai Loganathan*

<strong><u>CERTIFICATE OF SERVICE</u></strong>

On February 4, 2026, I electronically submitted the attached document for filing with the Clerk of the Court for distribution of electronic notices of filing to be distributed to all counsel/parties of record.

s/ Aryeh E. Stein
Aryeh E. Stein

3

4