**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| MANIMEGALAI LOGANATHAN,<br><br>      Plaintiff,<br><br>vs.<br><br>FERGUSON ENTERPRISES LLC,<br><br>      Defendant. | Case No.: 4:25-cv-120 (JKW) (RJK)<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT WITH DEMAND <u>FOR JURY TRIAL</u>** |

Plaintiff Manimegalai Loganathan (hereinafter the "Plaintiff"), by and through her attorneys, Consumer Attorneys PLLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully files this First Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure against Defendant Ferguson Enterprises LLC (hereinafter "Defendant") and alleges as follows:

## <u>INTRODUCTION</u>

1.     Plaintiff brings this lawsuit seeking recovery against Defendant for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Virginia Human Rights Act, Virginia Code § 2.2-3900 *et seq.* ("VHRA").

2.     Upon information and belief, Defendant discriminated against Plaintiff by reason of her race and national origin.

3.     Plaintiff has therefore commenced this action to seek damages for racial discrimination.

## <u>JURISDICTION AND VENUE</u>

4.     This Court has subject matter jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, 1343 and 29 U.S.C. § 216(b) because it involves federal questions regarding discrimination against Plaintiff on the basis of her race and national origin.

5.     The Court also has supplemental jurisdiction over Plaintiff 's related claims arising under State and local laws pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendant in Newport News, Virginia.

1

**PARTIES**

9.      Plaintiff is an adult individual who is a resident of Henrico County, Virginia.

7.      Plaintiff was employed by the Defendant in the State of Virginia during the period of July 2, 2018 through February 11, 2025, or a period of seventy-nine (79) months.

8.      Defendant is a business entity organized under the laws of Virginia with a primary office located at 751 Lakefront Commons, Newport News, VA 23606.

9.      At all times relevant, Defendant employed Plaintiff to perform work on behalf of Defendant within the State of Virginia.

**PROCEDURAL BACKGROUND**

10.     Plaintiff exhausted her administrative remedies at the Equal Employment Opportunity Commission.

11.     The U.S. Equal Employment Opportunity Commission ("EEOC") found reasonable cause to believe violations of Title VII occurred. The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on June 10, 2025. A true and correct copy of that notification is attached as **Exhibit A**.

12.     This Complaint is being filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

**STATEMENT OF FACTS**

13.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendant discriminated against the Plaintiff.

14.     Plaintiff, who identifies herself as of Indian origin, began working for Defendant in or around July 2, 2018 as a QA Analyst III; eventually, she was promoted to a Software Engineering Manager on December 1, 2023.

15.     During the course of her employment, Plaintiff had consistently received positive performance reviews, multiple awards, and was promoted four times.

16.     Despite Plaintiff's strong track record, she was offered a base salary of only $105,967.44 to manage seven (7) teams and more than forty (40) team members.

17.     When Plaintiff questioned about her unconscionably low pay compared to her colleagues, Defendant, through its supervisor, told Plaintiff that her pay could not match her U.S. citizen peers due to her visa status.

18.     Thereafter, Plaintiff raised to Defendants her internal complaints about hostile treatment, discriminatory pay, and team conflicts.

19.     Following these complaints, Plaintiff experienced escalating retaliation: her team responsibilities were reduced without notice, her reporting structure was changed without explanation, and negative feedbacks were solicited from individuals with known conflicts with the Plaintiff and from a vendor whom Plaintiff had previously held accountable for overbilling.

20.     Through Plaintiff's efforts and audit findings, Defendant had recovered the amount of $20,000.00 from said vendor, who lost over $110,000.00 in annual revenue —creating a clear conflict of interest.

21.     These negative feedbacks were solicited only after Plaintiff raised her unfair treatment concerns and were never considered in prior performance reviews.

22.     By reason of the retaliation experienced by Plaintiff from Defendant's management, she filed a complaint with the EEOC.

23.     However, after merely a period of two (2) days from the time Plaintiff's EEOC Complaint was acknowledged, Plaintiff was placed on Performance Improvement Plan (PIP) and subsequently, terminated from employment by Defendant.

24.     Unlike her colleagues, Will Park and Jeanine Wandera, were given verbal and written warnings and allowed time to improve, despite ongoing performance issues. In contrast, Plaintiff was immediately placed on a PIP with no prior warning.

25.     Plaintiff was treated differently from her co-employees because of her race and national origin and was held to a higher standard than her counterparts.

26.     Defendant continued to engage in such a discriminatory practice and as a result of Plaintiff's continued complaints, her employment was terminated on February 11, 2025.

27.     As a result of these unlawful discrimination and retaliation, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

3

28.    Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII - DISCRIMINATION AND RETALIATION ON THE BASIS OF RACE AND NATIONAL ORIGIN

29.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

30.    Plaintiff is a member of a protected class on the basis of race and national origin, she being an Indian national.

31.    Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendant's legitimate business expectations.

32.    Defendant discriminated against Plaintiff as described above by treating her differently relative to her co-employees.

33.    Defendant also retaliated against Plaintiff as described above, when Plaintiff continued complaining about the different standards upon which she had been being paid her wages.

34.    Defendant's actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII.

35.    As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

### COUNT II
### VIOLATIONS OF THE VHRA - DISCRIMINATION AND RETALIATION ON THE BASIS OF RACE AND NATIONAL ORIGIN

36.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

37.    The VHRA prohibits discrimination on the basis of race and national origin and retaliation against employees for opposing discrimination, filing a complaint, or participating in investigations.

4

38.    Defendant's conduct constitutes unlawful discrimination in employment under the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900 *et seq*.

39.    Plaintiff is entitled to reinstatement, back pay, compensatory damages, punitive damages, and attorneys' fees and costs as provided under Virginia law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Declare that the practices complained of herein are unlawful under applicable federal and State laws;

B.  Declare that the actions of the Defendant constituted unlawful discrimination and retaliation;

C.  Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

D.  Determine the damages sustained by Plaintiff as a result of Defendant's violations of Title VII and the VHRA, and award those damages against Defendant and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.  Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

F.  Grant Plaintiff such other and further relief that the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: February 3, 2026

/s/ Aryeh E. Stein
Aryeh E. Stein, Esq.
Bar No. 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
T: (443) 326-6011
F: (410) 782-3199
astein@meridianlawfirm.com

5

Emanuel Kataev, Esq., NY Bar # 5154588
*Pro Hac Vice Admitted*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
T: (718) 412-2421 (office)
T: (917) 807-7819 (cellular)
F: (718) 489-4155
E: emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Manimegalai Loganathan*

6