**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

|  |  |  |
|---|---|---|
| MANIMEGALAI LOGANATHAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-120 (JKW) (RJK) |
| | ) | |
| FERGUSON ENTERPRISES LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties have stipulated that certain material and information disclosed during discovery be treated as Protected Material (as defined below);

Accordingly, it is ORDERED as follows:

1. **Designation of Discovery Materials as Protected Material.** All documents, testimony, and information produced during the course of discovery (collectively, "Material") in the above-captioned matter designated as either Confidential Material or Attorneys' Eyes Only Material in accordance with this Order shall be considered Protected Material. All Protected Material, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the discovery, and/or the preparation and trial of this case in accordance with this Order.

2.      A party, third-party, or non-party[1] may designate Material as Confidential Material or Attorneys' Eyes Only Material (and, thus, make it Protected Material), as set forth below:

a.      Confidential Material:  A producing party may designate Material as Confidential Material when such party in good faith believes it contains sensitive personal, personnel, or medical information; information subject to prior confidentiality agreements; trade secrets; or other confidential research, development, customer, financial, commercial, business-sensitive, or other non-public information.  The designation of Material as Confidential Material shall be made by placing or affixing on the Material, in a manner which will not interfere with its legibility, the legend "CONFIDENTIAL."  The designation of Confidential Material shall be made prior to, or contemporaneously with, the production or disclosure of that Material.

b.      Confidential Material may only be shared with the following "Qualified Persons":

i.      The Parties themselves.  In the case of a corporate party receiving the discovery, it shall be limited to officers or employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action.  In the case of an individual party, it shall be limited to the individual only.

ii.      Attorneys for the Parties.  In the case of a corporate party, the corporate party's inside and/or outside counsel, their paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed.  In the case of an individual party, the individual's counsel and

---

[1]      The term "party" in this Order, unless otherwise indicated, does not refer only to the parties of record in this case.  This Order is intended to also protect and govern the conduct of non-parties participating in the discovery process in this case.

the counsel's paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed.

iii.    Any outside expert or consultant retained by the receiving party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that such expert or consultant has first agreed to be bound by the provisions of this Order by signing a copy of **Exhibit A**.

iv.    Court reporters, stenographers, and videographers retained to record testimony taken in this action.

v.    The Court, jury, and court personnel.

vi.    Deposition and trial witnesses who have first agreed to be bound by the provisions of this Order by signing a copy of **Exhibit A**.

vii.    Potential witnesses with any knowledge of facts relevant to the action to whom disclosure is reasonably necessary and who have first agreed to be bound by the provisions of this Order by signing a copy of **Exhibit A**.

viii.    Graphics, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Order by signing a copy of **Exhibit A**.

ix.    A vendor hired by a party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case.

x.    Any persons who appear on the face of the designated Confidential Material as an author, addressee, or recipient thereof or where specific documentary or testimonial evidence establishes that the designated Confidential Material was authored or received by the person.

xi.    Any mediator who is assigned or retained to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

c.    Confidential Material shall be used by persons to whom it is disclosed pursuant to this Order solely for the purpose of litigation, and not for any business or other purpose.

d.    Attorneys' Eyes Only Material:  If a producing party reasonably believes in good faith that, despite the additional provisions of this Order, there is a substantial risk of identifiable harm if particular Material it designates as Confidential Material is disclosed to other parties or non-parties to this action, the party may designate the Material as Attorneys' Eyes Only Material by placing or affixing on the Material, in a manner which will not interfere with its legibility, the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Notwithstanding any provision of this Order to the contrary, Attorneys' Eyes Only Material  may not be disclosed to any person other than:

i.    The receiving party's outside legal counsel, their paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, as well as employees of said counsel to whom it is reasonably necessary to disclose the Attorneys' Eyes Only Material for this litigation.

ii.    Experts specifically retained as consultants or expert witnesses in connection with this litigation who have first agreed to be bound by the provisions of this Order by signing a copy of **Exhibit A**.

iii.    The Court and its personnel.

4

iv.    Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have first agreed to be bound by the provisions of this Order by signing a copy of **Exhibit A**.

For purposes of clarity, attorneys receiving Attorneys' Eyes Only Material shall not disclose such material to: (1) any individual party; or (2) any non-attorney employee or non-employee agent of a corporate party (or third party).

e.    A party may exhibit, during depositions, hearings, or other trial proceedings, any Confidential Material.  Any witness or deponent may be shown Confidential Material  In advance of any Confidential Material being so exhibited to a witness or deponent, the witness or deponent shall be advised of this Order and the obligation to adhere to its terms.  Among other things, the witness or deponent shall be instructed: (a) not to disclose any information, transcripts, or documents relating to the Confidential Material (whether or not exhibited to the witness or deponent during the course of examination) to anyone other than Qualified Persons in the absence of agreement by the parties or permission from the Court; and (b) to take appropriate precautions to ensure that prohibited disclosure does not occur.  The portion of the deposition which may reveal such Confidential Material shall be conducted so that only those persons authorized under this Order to have access to such material shall be present, and a party designating the materials as Confidential Material may request that portion of the deposition to be considered and treated as a confidential document subject to the protection of this Order.  A party that intends to present or that anticipates that another party may present Confidential Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Material.  The Court may thereafter make such orders as are necessary to govern the use of Material at trial.  Any party who wishes to show a

5

witness or deponent any Attorneys' Eyes Only Material may do so only with: (1) the consent of the party who so designated the Material; or (2) an appropriate order or ruling from the Court.

f.        Except as provided for in this Order, counsel for the parties shall keep all documents designated as Protected Material which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

g.        All copies, duplicates, extracts, summaries, descriptions, or other derivative works revealing the information (hereinafter referred to collectively as "copies") of documents or information designated Protected Material under this Order or any portion thereof, shall be immediately affixed with the word or phrase "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", as appropriate, if these legends do not already appear.

h.        The public filing of Protected Material shall be governed by Paragraph 6 of this Order.

3.        **Challenging Designation of Protected Material.**  A designation of Protected Material may be challenged.  A party challenging the designation of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the designation was not proper and must give the designating party an opportunity to review the designated Material, to reconsider their designation, and, if no change in designation is offered, to explain the basis for the designation.  If the parties are unable to resolve their dispute through the meet-and-confer process set forth above, either party may file an appropriate motion that identifies the challenged Material (without publicly revealing the content of such Material) and sets forth in detail the basis for the designation and/or the challenge thereto.  The burden of proving that the

6

Material has been properly designated as Protected Material shall remain with the designating party. Until the Court rules on the challenge, all parties shall continue to treat the Material as Protected Material under the terms of this Order.

4.    **Depositions.** A party wishing to designate portions of a deposition transcript as Protected Material must either:

a.    State on the record those portions which shall be designated Protected Material; or

b.    Within five (5) business days of the conclusion of the deposition, order the deposition transcript from the court reporter for regular turnaround. Within ten (10) business days from the receipt of the transcript, the party shall designate such Protected Material by serving upon all counsel of record via email a Notice setting forth the page, line numbers, and designation, which shall also be delivered to the court reporter for physically designating the transcript. Any portions of a transcript designated as Attorneys' Eyes Only Material shall thereafter be treated as such, in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

5.    **Return of Protected Material at Conclusion of Litigation.** All material treated as Protected Material under this Order and not received in evidence shall upon request be made available for return to the originating party thirty (30) days after the conclusion of this case and any appeal thereto. If no timely request is made for return of the Protected Material, the Protected Material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. If any Protected Material is furnished under this Order to any expert or to any other person, the

party retaining such expert or furnishing such Protected Material shall be responsible for ensuring that all such Protected Material is returned to that party. Notwithstanding anything to the contrary herein, each party's counsel shall be entitled to retain one (1) copy of all material sought to be destroyed solely for the counsel's records.

6.    **Jurisdiction.** The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

7.    **Sealing Requirements.** Nothing in this Order shall be interpreted as permitting the prospective filing of documents under seal. No document may be filed under seal without an Order entered by this Court. Any motions to seal must fully comply with the provisions of Local Civil Rule 5. Before any document containing Protected Material is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the Protected Material to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. Where agreement is not possible or adequate, before a document containing Protected Material is filed with the Clerk, the filing party shall follow the procedure for filing documents under seal set forth in the ECF practices and procedures for the United States District Court for the Eastern District of Virginia. At all times, the designating party shall have the burden of justifying that the materials must be submitted under seal.

SO ORDERED, this ____8th____ day of ____April_____, 2026.

_____/s/_____
Robert J. Krask
United States Magistrate Judge
The Hon. Robert J. Krask
United States Magistrate Judge

8

**WE ASK FOR THIS**

/s/ Emanuel Kataev, Esq.

Aryeh E. Stein, Esq.
Bar No. 45895
MERIDIAN LAW, LLC
1212 Reisterstown Road
Baltimore, MD 21208
T: (443) 326-6011
F: (410) 782-3199
astein@meridianlawfirm.com

Emanuel Kataev, Esq., NY Bar # 5154588
*Admitted pro hac vice*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Manimegalai Loganathan*

/s/ Carl A. Retzloff

Amy Morrissey Turk (VSB No. 44957)
Carl A. Retzloff (VSB No. 97722)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
Telephone: (757) 640-3711
Facsimile: (757) 640-3942
Email: aturk@mcguirewoods.com
Email: cretzloff@mcguirewoods.com

*Counsel for Defendant Ferguson*
*Enterprises, LLC*

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |  |
|---|---|---|
| MANIMEGALAI LOGANATHAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-120 (JKW) (RJK) |
| | ) | |
| FERGUSON ENTERPRISES LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## EXHIBIT A
## CONSENT TO DISCOVERY PROTECTIVE ORDER

I, the undersigned, hereby certify that I have been provided with a copy of the Stipulated Protective Order for the production and exchange of Protected Material entered in the above-captioned action and hereby agree to be bound by the terms and conditions thereof.

Signature: _____

Name: _____

Business Affiliation: _____

Address: _____

Date: _____