**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| |
|---|
| MANIMEGALAI LOGANATHAN, |
| Plaintiff, |
| vs. |
| FERGUSON ENTERPRISES LLC, |
| Defendant. |

Case No.: 4:25-cv-120 (JKW) (RJK)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION**
**TO COMPEL RESPONSES TO INITIAL DISCOVERY REQUESTS**

Plaintiff Manimegalai Loganathan ("Plaintiff"), by and through her undersigned counsel, hereby respectfully submits this Memorandum of Law in Opposition to Defendant Ferguson Enterprises LLC's Motion to Compel Responses to Initial Discovery Requests. For the reasons set forth below, Defendant's motion should be denied.

**LEGAL STANDARD**

Under Rule 26 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." See Fed. R. Civ. P. 26(b)(1). Although Rule 26 does not define "relevant," relevance in the discovery context has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" See EEOC v. Sheffield Fin., LLC, No. 1:06cv889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting Merrill v. Waffle House, Inc., 227 F.R.D. 467, 473 (N.D. Tex. 2005)); see also Tucker v. Momentive Performance Materials USA, Inc., No. 2:13cv4480, 2016 WL 8252929, at *3 (S.D. W.Va. Nov. 23, 2016) (noting that the discovery standard for relevance is broader than relevance in the Federal Rules of Evidence). The Court has wide

discretion in determining relevance for discovery purposes. See Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992).

When evaluating proportionality in this context, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." See Tucker, 2016 WL 3252929, at *3; see also Walsh v. Kynd Hearts Home Healthcare, LLC, No. 2:20cv630, 2022 WL 18108388, at *1 (E.D. Va. Sept. 1, 2022) (citing Fed. R. Civ. P. 26(b)(1)).

## ARGUMENT

### A. Plaintiff's Objections to Defendant's Initial Discovery Requests May Stand.

Defendant's reliance on Kline v. Martin, 345 F. Supp. 31, 32 (E.D. Va. 1972), for the proposition that the Rules contemplate the "broadest discovery possible," has been rendered inaccurate following the 2015 amendments to Rule 26(b)(1). "The question is no longer whether the discovery sought is 'reasonably calculated to lead to the discovery of admissible evidence;' rather, the inquiry is whether the discovery is 'relevant to any party's claim or defense *and* proportional to the needs of the case.' […] 'Thus, just as a statute could effectively overrule cases applying a former legal standard, the 2015 amendment effectively abrogated cases applying a prior version of Rule 26(b)(1).'" See BrickStreet Mut. Ins. Co. v. Chartis Cas. Co., No. 5:19-CV-00212, 2020 WL 1965580, at *3 (S.D.W. Va. Apr. 23, 2020) (emphasis added) (citing Fed. R. Civ. P. 26(b)(1); In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Moreover, Defendant overstates the effect of Local Civil Rule ("LCR") 26(C). Regardless of whether objections were not served within fifteen (15) days, waiver of an objection does not expand the permissible scope of discovery beyond Rule 26(b)(1). The Court retains an independent obligation to limit discovery that is not relevant to any claim or defense, is not proportional to the needs of the case, is cumulative or duplicative, can be obtained from a more convenient source, or imposes burden or expense that outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(1) and 26(b)(2)(C).

Indeed, LCR 26(C) is a timing rule; it is not a mechanism for compelling discovery that the Rules themselves do not permit. "All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways," referencing relevance and proportionality. See Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019). In other words, as the Fourth Circuit has held, this need remains irrespective of LCR 26(C).

Waiver is therefore not automatic, as Defendant suggests. This is established by the escape valves within LCR 26 itself: "Unless otherwise ordered by the Court;" "The Court may allow a shorter or longer time." See LCR 26(C).

Similarly, Rule 33(b)(4) provides that an untimely interrogatory objection is waived only unless "the court, for good cause, excuses the failure." See Fed. R. Civ. P. 33(b)(4). Thus, even where a timeliness issue exists, the Rule preserves judicial discretion to excuse the failure based on the circumstances.

Moreover, Defendant's position is defeated by the very terms of its discovery demands, which sought a response within thirty (30) days without reference to the LCR or separately demanding objections within fifteen (15) days. Since the parties are free to engage in discovery and counsel may agree to resolve discovery disputes informally, Plaintiff properly read Defendant's discovery demands as permitting the interposition of objections together with its responses. Indeed, an objection is, in and of itself, a response. With the foregoing in mind, Defendant improperly treats the fifteen (15) day deadline under the LCR as self-executing and dispositive, without addressing other factors the Court may consider in excusing a failure to earlier object (assuming *arguendo* that this Court does not find Defendant informally extended the deadline by demanding responses within thirty (30) days). See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 381, 385 (1993) ("The determination of what sorts of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances," for example, considering factors like "'(1) whether granting the delay will prejudice the [party]; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the [party] acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect'") (internal citations omitted).

3

Here, Plaintiff timely served substantive responses to Defendant's discovery on April 6, 2026, the deadline set forth in Rules 33(b)(2) and 34(b)(2)(A). Objections accompanied those responses. While objections were served after the fifteen (15) day period in LCR 26(C), that local rule was not referenced in Defendant's discovery demands and, in any event, expressly vests the Court with discretion to allow a longer time. Any delay is excusable under Rule 6 for good cause or excusable neglect: responses were timely on the merits, there is zero prejudice to Defendant, the delay was minimal, Plaintiff acted diligently and in good faith (including client consultation on sensitive personal topics and subsequent supplementation), and fact discovery remains open until June 29, 2026. See Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff requests that the Court excuse any failure to timely object, given that Defendant itself sought responses within thirty (30) days, which Plaintiff complied with, and because the two-week delay was not for a substantial length of time. Defendant was not prejudiced by this minor delay, nor could it be given the fact this Court extended the discovery deadline for the parties.

Regardless, given that discovery may not be sought for items that are not relevant and proportional to the needs of the case, this Court should apply Rule 26 in permitting Plaintiff's objections based on same.

### B.  Plaintiff's Responses to Defendant's Interrogatories are Sufficient and Complete.

Alleged deficiencies in Plaintiff's responses can be explained by Plaintiff's abiding by the Rules, which limit responses to information that is available to Plaintiff. See Fed. R. Civ. P. 33(b)(1)(B).

Plaintiff respectfully incorporates by reference her response to Defendant's deficiency letter. See copy of Plaintiff's June 5, 2026 correspondence annexed hereto as **Exhibit "A."**
Interrogatory Nos. 2 & 3

Plaintiff identified the five relevant current/former Defendant employees with whom she communicated regarding the allegations in the first amended complaint. She identified the two individuals who provided statements. Detailed exploration of dates, substance, and related documents/recordings occurred at the April 15 deposition (see Ex. 5). Plaintiff has now produced

4

the recording of the November 5, 2024 meeting with Michelle Hicks. Any non-privileged documents relating to these communications have been or will be produced in the ordinary course; privileged or work-product materials are protected.

The Interrogatory does not ask for every person with knowledge (those were disclosed in Initial Disclosures); it asks for persons with whom Plaintiff communicated re the allegations. The four individuals in Initial Disclosures are not necessarily in the latter category. Requiring a new written narrative duplicative of deposition testimony is unduly burdensome and not proportional. Defendant can (and did) depose Plaintiff and can depose its own five employees or review its own records.  See Fed. R. Civ. P. 33(d) (permitting a responding party to refer a requesting party to specify records containing responsive information in response to an interrogatory).

Interrogatory No. 6

Plaintiff identified the only EEOC charge she has ever filed (the one for which a right-to-sue notice was attached to the original Complaint and referenced in the first amended complaint). No other responsive litigation exists or is relevant. Broad discovery into unrelated prior litigation invades privacy and is not proportional to the needs of this discrete employment dispute. It is not relevant to claims or defenses unless Defendant shows a specific pattern or credibility issue tied to this case (none shown). Courts routinely limit or deny such fishing expeditions.  In any event, Plaintiff has responded to Defendant's request to indicate that there is no prior litigation.

Interrogatory No. 9

Plaintiff provided the public LinkedIn URL in her June 5 response. She respectfully stands on her objection to a full 10-year granular breakdown of every source and amount of income. The request is overbroad and disproportionate where the claims concern a discrete employment period with Defendant and post-termination mitigation. Pre-termination income from prior employers is of limited relevance and invades Plaintiff's privacy. Defendant can assess damages and mitigation with the LinkedIn history, deposition testimony, tax forms already produced or referenced, and post-termination information. Compelling a 10-year forensic reconstruction is not proportional to the needs of this case, and is also overly burdensome.

Interrogatory No. 10

Plaintiff identified HTC Global Services and stands on her objection. Detailed mitigation efforts (primarily post-termination) were explored at deposition. The 10-year scope is overbroad; pre-Defendant employment efforts are not mitigation of these alleged damages. Post-termination mitigation information is more directly relevant and has been addressed at Plaintiff's deposition, as well as documents produced. A further written narrative is duplicative and burdensome.

Interrogatory Nos. 11–12

Plaintiff listed the three relevant practices and provided signed authorizations for the providers identified in the Deficiency Letter. Defendant can obtain complete records directly. Plaintiff is not required to recall and itemize every visit, treatment, medication, or diagnosis from memory over ten (10) years; that is unduly burdensome and disproportionate, especially for a garden-variety emotional distress claim. The authorizations provided fully resolve any legitimate need. Broad medical discovery is not automatically opened by an emotional distress allegation.

Interrogatory Nos. 15–16, 18–22

These are classic contention interrogatories. Plaintiff referred Defendant to the pleadings (which sets forth the allegations) and the deposition testimony (which provided the facts). Plaintiff is not required to marshal all evidence or write a narrative "proof" of her case in written answers; that is the function of deposition, document production, and trial. Requiring exhaustive line-by-line factual support duplicates other discovery and imposes undue burden. Plaintiff notes that referring Defendant to the Complaint was proper and sufficiently responsive. See Lucero v. Valdez, 240 F.R.D. 591, 593 (D.N.M. 2007) ("It may be that Lucero does not have any further information to support these new allegations, but if that is correct he must state that so Defendants know he has no additional information to support the allegations").

Request No. 1

The native-format spreadsheet has now been produced, resolving the PDF conversion/legibility issue acknowledged at deposition. Plaintiff's counsel needed sufficient time to meet with Plaintiff to discuss and obtain same.

Request No. 2

The sole recording (November 5, 2024 meeting with Michelle Hicks) has now been produced. Plaintiff's counsel needed sufficient time to meet with Plaintiff to discuss and obtain same.

Request No. 4

Emails are contained in Plaintiff's first production. Verbal statements (phone/virtual meetings) were not recorded by Plaintiff. Defendant has equal or superior access to its own employees' emails, internal records, and testimony.

Request Nos. 6, 8–10, 18

Plaintiff is not in possession, custody, or control of additional responsive documents beyond what has been produced or testified to at deposition. She cannot produce what does not exist or is not in her control. If Defendant has a good-faith basis to believe specific documents exist, it can follow up narrowly; blanket compulsion is unwarranted.

Request Nos. 20–22

Authorizations for the identified providers have been provided. Defendant can obtain records directly.

Request Nos. 23–24, 32

The Determination of Charge letter was attached to the original Complaint (and referenced in FAC). The charge itself and any related materials Plaintiff possesses have been produced or are on the docket. The full EEOC investigative file is not in Plaintiff's possession, custody, or control; it belongs to the EEOC. Plaintiff has no obligation to file a FOIA request on Defendant's behalf. Defendant is free to do so or subpoena if it chooses.

Request Nos. 25–27, 31

Plaintiff produced an offer letter and employer-issued tax forms. She stands on her objections to further production. Much of this overlaps with Interrogatories 9–10 and deposition testimony. Additional demands are cumulative, overbroad in temporal scope, and not proportional.

**C. Plaintiff should not be required to pay Defendant's attorneys' fees and costs**

Any unavailability by Plaintiff was due to counsel's required submission of a Rule 56.1 statement of material facts in the matter of <u>Superb Motors Inc., *et al*, v. Deo, *et al*</u>, 2:23-cv-6188 (E.D.N.Y).

Plaintiff acted in good faith in timely submitting her responses and objections and otherwise responding to Defendant's deficiency letter, which addressed many of the asserted deficiencies. The inability to earlier meet and confer was likewise inadvertent, and not intentionally evasive, as is evidenced by Plaintiff's June 5, 2026 response to Defendant's deficiency latter. Moreover, the ratio of participation by Plaintiff's local counsel versus New York counsel is wholly irrelevant, and a distraction from the Rule 37 inquiry.

Pursuant to Rule 37, "the court must not order this payment if: […] (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." <u>See</u> Rule 37(a)(5)(A). "'A party satisfies the 'substantially justified' standard 'if there is a genuine dispute as to proper resolution or if a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact.'"" <u>See</u> <u>Swimways Corp. v. Aqua-Leisure Indus., Inc.</u>, No. 2:16-CV-260, 2017 WL 3262135, at \*2 (E.D. Va. July 31, 2017) (internal citation omitted). Here, there exists a "genuine dispute" regarding the sufficiency of Plaintiff's responses, and the validity of her objections in light of the relevance and proportionality standard of the Rules.

"Next, when determining whether awarding an attorney's fee is unjust, the court looks to the following factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) whether less drastic sanctions would be more effective." <u>See</u> <u>Holmes v. Gen. Dynamics Ordnance & Tactical Sys., Inc.</u>, No. 1:18CV00019, 2019 WL 5704291, at \*3 (W.D. Va. June 17, 2019) (internal citation omitted).

Here, Plaintiff – if she can even be determined as noncomplying – (1) did not act in bad faith; (2) no prejudice was caused to Defendant through any alleged noncompliance; (3) the particular sort of noncompliance alleged – i.e., involving a two-week delay, and potential

8

insufficiency of some responses – is not so severe, prejudicial, irredeemable, and rooted in bad faith as to warrant the Court's deterrence of such behavior; and (4) less sanctions, in the form of merely allowing Plaintiff to supplement some responses accordingly, as set forth *supra*, would be more effective in rectifying any purported issue.

Accordingly, Defendant's motion should be denied.

## CONCLUSION

Accordingly, this Court need not strike Plaintiff's as untimely and may find excusable neglect; need not Order Plaintiff to comply with discovery demands, as Plaintiff will supplement responses where possible, as set forth *supra*; and should not award Defendant costs and attorneys' fees.

Respectfully Submitted,

*/s/ Aryeh E. Stein*
Aryeh E. Stein, # 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
astein@meridianlawfirm.com
www.meridianlawfirm.com
443-326-6011 (phone)
410-782-3199 (fax**)**

**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq., NY Bar # 5154588
*Admitted pro hac vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
  *Manimegalai Loganathan*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2026, a copy of the foregoing was served electronically to those parties on the court's CM/ECF notice list.

/s/ Aryeh E. Stein
Aryeh E. Stein

/s/ Aryeh E. Stein
Aryeh E. Stein