**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| | ) | |
| MANIMEGALAI LOGANATHAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:25-cv-120-JKW-RJK |
| | ) | |
| FERGUSON ENTERPRISES LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**DEFENDANT FERGUSON ENTERPRISES, LLC'S REPLY**
**IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES**
**TO INITIAL DISCOVERY REQUESTS**

Defendant Ferguson Enterprises, LLC ("Defendant" or "Ferguson"), by counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37, respectfully submits this Reply in Support of its Motion to Compel Responses to Initial Discovery Requests ("Motion") from Plaintiff Manimegalai Loganathan ("Plaintiff").

**I.      INTRODUCTION**

Plaintiff's opposition to Ferguson's Motion fails to justify her deficient discovery responses or explain her failure to timely object to or meet and confer regarding Ferguson's March 2026 discovery. Indeed, Plaintiff's Opposition indicates a lack of understanding of her obligations under the Federal and Local Rules governing civil discovery. Although her belated production of two documents she possessed for months resolves some of the issues raised in Ferguson's deficiency letter, she continues to stand on waived and inapposite objections to avoid discovery into key aspects of her case. There is now one week remaining for discovery and Ferguson still lacks information as to central elements of Plaintiff's case. Plaintiff's objections

are waived and should be stricken, she should be ordered to immediately supplement discovery, and Ferguson should be awarded its fees for pursuing this Motion.

## II.   BACKGROUND

As detailed in Ferguson's opening brief, counsel for Plaintiff failed to timely serve objections to Ferguson's March 6, 2026 discovery in accordance with Local Civil Rule 26(C). Thereafter, Plaintiff's counsel failed to respond to Ferguson's April 21, 2026 deficiency letter, which formally identified numerous deficiencies in Plaintiff's discovery responses.  With the discovery period closing in a matter of weeks, Ferguson filed the instant Motion to address the discovery deficiencies Plaintiff refused to address, by supplementation or even by meet and confer.  Dkt. Nos. 25, 26.

After Ferguson filed its Motion, Plaintiff finally responded to Ferguson's April 21 letter. On June 5, 2026—45 days after Ferguson sent its letter—Plaintiff sent a four-page response that provided no explanation for the lengthy delay in responding and continued to stand on numerous waived and meritless objections.  **Exhibit 1**.  In connection with this belated response Plaintiff also produced two documents she agreed to produce at her deposition nearly two months earlier. In an effort to narrow issues and avoid continuing motions practice, Ferguson sent a letter response on June 16, 2026, which highlighted the ongoing deficiencies in Plaintiff's discovery responses.  **Exhibit 2**.  To date, Ferguson has not received the requested response to its letter nor any additional supplemental discovery responses.

## III.   ARGUMENT

### A.   Plaintiff's Untimely Objections Are Waived And Should Be Stricken.

Local Rule 26(C) sets forth the deadline for discovery objections in this district: "[u]nless otherwise ordered by the Court, an objection to any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37, shall be served within fifteen (15) days after the service of the

2

interrogatories, request, or application." E.D. Va. L. Civ. R. 26(C). This rule is rigidly enforced in this District. *See, e.g.*, *Scalable Insights, LLC v. Bihrle Applied Res., Inc.*, No. 4:23cv58, 2023 WL 8539533 (E.D. Va. Aug. 1, 2023) (Krask, J.); *Steele v. Goodman*, No. 3:21cv573, 2023 WL 6194921, at *1 (E.D. Va. May 3, 2023). It is undisputed that Plaintiff missed her deadline when she served her objections thirty-one days after Ferguson served discovery. *See* Dkt. No. 26 at 2–3; Dkt. No. 30 at 4 (Plaintiff admitting that "objections were served after the fifteen (15) day period in LCR 26(C)").

Plaintiff argues that waiver of untimely objections under Rule 26 is not "automatic" because the Local Rule contains an "escape valve," wherein the Court can order a shorter or longer time for discovery. Dkt. No. 30 at 3. Of course, she does not argue the Court has done so, or that any good cause exists to do so. *See id.* at 3–4. And Plaintiff has not filed a motion for leave seeking relief from her untimely objections. Instead, she suggests that she can avoid the deadline because **Ferguson** did not alert her to it. Plaintiff effectively argues that because Ferguson did not demand that she specifically comply with the Local Rules or alert her to the objection requirement, she is not obligated to comply with it. *See id.* at 3. Of course, Plaintiff cites no authority for this proposition. To the contrary, parties have an obligation to know and comply with applicable rules, including the Court's local procedural rules. *Miller v. Medicredit, Inc.*, No. 3:18cv603, 2019 U.S. Dist. LEXIS 248007, *10 n. 5 (E.D. Va. Sept. 3, 2019) ("All litigants must follow the Federal Rules of Civil Procedure and the applicable Local Rules.").

Plaintiff then argues it was "improper[]" for Ferguson to suggest that Local Rule 26(C) should be applied, because Ferguson did not "address[] other factors the Court may consider in excusing a failure to earlier object." Dkt. No. 30 at 3. But Plaintiff repeatedly failed to respond to outreach from Ferguson to address identified discovery deficiencies, so Ferguson has no way

3

to evaluate any "good cause" argument by Plaintiff or even to know Plaintiff's excuse for missing her deadline. *See* Dkt. No. 26 at 3–5. And her opposition brief fails to identify any credible bases for a good cause finding. She cites the fact that "responses were timely on the merits" without explaining how this provides good cause to excuse her missing the objection deadline. Dkt. No. 30 at 4. She claims without justification that "there is zero prejudice to Defendant," *id.* at 4, despite the fact that Plaintiff relied on waived objections to resist fulsome responses before her April 15 deposition, and despite the fact that she continues to stand on these waived objections with ***one week left in the discovery period***. *See* **Ex. 1**. She asserts that she "acted diligently and in good faith" despite the procedural history of this case, and she notes that fact discovery remains open for another week as of the filing of this Reply. Dkt. No. 30 at 4. None of these assertions demonstrate good cause for her failure to meet her deadline; instead, they confirm the opposite, showing that Plaintiff has no valid excuse. Accordingly, the Court should strike Plaintiff's objections as untimely and waived.

**B.      Plaintiff's Argument That She Does Not Need to Answer Interrogatories Because Subjects Could Have Been Explored at Her Deposition is Meritless.**

Plaintiff's next argument supporting her inadequate interrogatory answers reveals a similar misunderstanding of governing discovery rules. In opposing Defendant's Motion, Plaintiff repeatedly relies on the notion that she is not obligated to respond to written discovery because "[r]equiring a new written narrative duplicative of deposition testimony is unduly burdensome and not proportional," and that instead "Defendant can (and did) depose Plaintiff and can depose its own five employees or review its own records." *See* Dkt. No. 30 at 5; *see also id.* at 5–7. The only authority she cites for the proposition that a party need not respond to interrogatories if a topic can be explored in deposition is Rule 33(d). *See id.* at 5. But this Rule does not support her proposition, it simply allows a party to specifically identify responsive

business records in lieu of providing a narrative answer to the relevant portion of an interrogatory (which Plaintiff did not do).  Her position ignores Rule 33(b), which requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  And it is contradicted by the structure of the Rules, which allow parties to seek discovery both through written interrogatories and oral depositions (which, absent leave of court, are limited to one seven-hour session).  *See* Fed. R. Civ. P. 30, 33.  Not surprisingly, Plaintiff cites no authority for the proposition that she does not need to respond to Interrogatories if a subject can be inquired into in a deposition, which proposition would render interrogatories meaningless.  In fact, the obverse is true; if a party receives fulsome answers to interrogatories, it may not need to take a deposition.

Notably, this position is particularly troubling given the timing of the written discovery and Plaintiff's deposition in this case.  Defendant served its interrogatories well over a month ***before*** Plaintiff's deposition, Plaintiff failed or refused to provide substantive written responses that Defendant could test at her deposition, and now argues that she need not actually answer because those subjects could have been explored at her deposition.  *See* Dkt. No. 26 at 2–5 (detailing procedural history of discovery).  This naked gamesmanship is improper, undermines the discovery process contemplated by the Federal Rules, and is particularly egregious where Plaintiff has accused Ferguson of race and national origin discrimination but has failed to answer the most basic interrogatories asking for the factual support for her claims.  *See, e.g.*, Dkt. No. 26-3 at 15–16 (providing no substantive response to Interrogatories 16 and 18, which seek basic details about her allegations of discrimination and retaliation).

**C.    Many of Plaintiff's Answers to Defendant's Interrogatories Remain Deficient.**

After relying on the unsupported arguments discussed above, Plaintiff briefly addressed the specific deficiencies Ferguson raised with her interrogatory answers in her opposition brief, and sought to incorporate by reference her response letter that was only served after Ferguson was forced to file the instant Motion. *See* Dkt. No. 30 at 5–6. Not only are her objections waived, but her explanations for her failure to respond are unsupported. The most important interrogatories are briefly addressed below.

Interrogatory Nos. 2 and 3. These interrogatories seek basic information about Plaintiff's relevant communications with or statements obtained from witnesses. Plaintiff identified five individuals but failed to respond to the interrogatories' requests that she disclose the particular communications or statements. *See* Dkt. No. 26-3 at 4–5. In part, she argues that she need not further respond because she discussed certain communications at her deposition and produced one recording after Ferguson filed the instant Motion. Dkt. No. 30 at 4–5. However, at a minimum she must supplement her answers to identify and incorporate by reference any such communications, *see* Fed. R. Civ. P. 33(d), and the objections should be overruled so that Ferguson has clarity that all relevant communications have been disclosed.

Interrogatory No. 6:

Plaintiff continues to refuse to specify or produce the "charge of discrimination with the EEOC" she identified in response to this interrogatory, which asks her to disclose details about relevant legal proceedings. Dkt. No. 26-3 at 7–8. At a minimum she should be required to supplement her answer to specify (and produce) the particular Charge at issue in this case.

6

Interrogatory No. 9:

Plaintiff continues to refuse to detail her income and compensation in a case in which she is claiming monetary damages for lost income.  In her opposition she writes that she "provided the public LinkedIn URL in her June 5 response."  Dkt. No. 30 at 5.  This response is deficient; not only was her provision of this web link two months late, but it is *not responsive to the Interrogatory*.  Moreover, to the extent she wishes to respond by producing business documents, she must specifically identify them in her sworn interrogatory answer and confirm that no other responsive documents exist.  Her vague reference to "LinkedIn history, deposition testimony, tax forms already produced or referenced, and post-termination information" in an opposition brief is insufficient under Rule 33.

Interrogatory No. 10:

Plaintiff continues to refuse to provide information directly pertinent to her mitigation of damages.  She relies on the fact that she provided only the name of her new employer (without any additional requested detail) and discussed her mitigation at her deposition.  *See* Dkt. No. 30 at 6.  But her required interrogatory answer remains deficient.  *See* Dkt. No. 26-3 at 10. Ferguson is entitled to a fulsome answer to this Interrogatory.

Interrogatory Nos. 11–12:

Although Plaintiff correctly acknowledges that she provided authorizations for the release of medical records, which Ferguson used to serve third-party subpoenas, she needs to supplement her answers to confirm that all medical providers have been identified and no responsive information has been withheld.

Interrogatory Nos. 15–16, 18–22:

Interrogatory Nos. 15, 16, 18, 19, 20, 21, and 22 each ask Plaintiff to provide factual detail regarding the core allegations of her case. She has refused to do so, and labels the interrogatories as "classic contention interrogatories." Dkt. No. 30 at 6. This is not a valid objection. Rule 33(a)(2) expressly contemplates that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2). Further, she cites a 2007 case from the District of New Mexico that it was appropriate for her to respond only with a gesture at her amended complaint. Dkt. No. 30 at 6. But the cited proposition in that case, *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007), does not help her. It simply provides that if a Plaintiff is unable to identify information sufficient to support her allegations, she must so state or otherwise indicate she has no information to support the allegations. 240 F.R.D. at 593–94. The Court should strike her objections and strike all unspecific references to Plaintiff's Complaint as non-responsive.

D.    **Numerous Responses to Defendant's Request for Production Remain Deficient.**

After Ferguson filed this Motion, Plaintiff provided limited responses and clarifications (including the production of two documents that had been withheld for weeks) that resolved a number of the deficiencies identified by Defendant. Specifically, Ferguson confirms that the deficiencies based on Request Numbers 1, 2, 4, 6, 8, 9, 10, and 18 are resolved based on Plaintiff's supplemental productions and written confirmation that she has no responsive communications other than what she has already produced in discovery. *See* **Exhibit 2** at 3. Additionally, Ferguson will consider Request Numbers 20, 21, and 22 resolved if Plaintiff confirms that other than medical records produced by her providers in this case, she has no other responsive documents. However, a number of responses remain deficient, and Ferguson asks

8

that the Court strike her objections and require that she produce responsive documents immediately.

Request Numbers 23, 24, and 32:

These Requests seek documents filed with or communications exchanged with the United States Equal Employment Opportunity Commission ("EEOC") or the Virginia Office of Civil Rights in connection with this case.  To date, Plaintiff has not produced the Charge of Discrimination she filed in this case or confirmed it is the same as what Ferguson produced.  Nor has she produced any communications with the EEOC.  She should be ordered to do so.  Her suggestion that she need not produce responsive documents because Ferguson can submit a FOIA request to the government is meritless.  *See* Fed. R. Civ. P. 34(a)(1) (parties may request documents in the other party's "possession, custody, or control").  And there is plainly no burden to her producing what she already possesses.

Request for Production Nos. 25–27, 31:

Plaintiff continues to stand on her objections to Ferguson's Request that she produce documents and communications related to her attempts to obtain employment, as well as tax documents, which are directly relevant to mitigation of damages.  *See* Dkt. No. 26-4 at 18–19, 21–22; **Exhibit 1** at 4.  Although Plaintiff waived her objections by failing to timely assert them, Ferguson has offered to narrow the temporal scope of production—to 2023 through the present. To date, however, Plaintiff has not responded or supplemented.  *See* **Exhibit 2** at 4.  Although Plaintiff correctly acknowledges she has produced *some* responsive documents, she admits her production is incomplete.  Dkt. No. 30 at 7.  She also argues that "[m]uch of this overlaps with Interrogatories 9–10," *id.*  As discussed above, though, Plaintiff's answers to Interrogatories 9 and 10 are deficient, consisting only of a reference "to her publicly available LinkedIn profile"

and the identification of the name of her current employer.  *See* Dkt. No. 26-3 at 9–10.  Plaintiff cannot credibly claim interrogatories and document requests are unduly duplicative of each other, when she has failed to adequately respond to either.

###### E.    Counsel's Obligations In Other Cases Do Not Preclude An Award of Fees Under Rule 37.

Plaintiff's failure to sufficiently respond to discovery, and the related delays and conduct that necessitated this Motion, warrant fee shifting pursuant to Rule 37.  Under Rule 37(a)(5)(A), if a motion to compel is granted, "or if the disclosure or requested discovery is provided after the motion was filed—the court ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  Plaintiff's responses remain deficient, and her recent supplements came only after Defendant filed its Motion.

Further, none of the exceptions in Rule 37(a)(5)(A) apply.  There is no dispute that Ferguson attempted in good faith to obtain the discovery through extensive efforts to schedule a meet and confer.  *See* Dkt. No. 26 at 2–5.  Plaintiff's suggestion that her failure to respond was "substantially justified" or "other circumstances make an award of expenses unjust" fall flat. She attributes the unavailability of her New York counsel to the "required submission of a Rule 56.1 statement of material facts" in another matter.  Dkt. No. 30 at 8.  Counsel does not state when that submission occurred, but it is highly doubtful it lasted the length of this discovery matter.  Plaintiff cites no authority for the proposition that her counsel's deadline in another case provides good cause for failing to timely respond to discovery, supplement discovery, and meet

and confer regarding discovery.  And this explanation is inapplicable to her local counsel.[1]  Nor does a review of the docket in the cited matter, *Superb Motors Inc., et al, v. Deo, et al*, 2:23-cv-6188 (E.D.N.Y), justify Plaintiff's deficient responses: (1) Plaintiff's New York counsel is one of four lawyers representing the plaintiffs in that case; (2) the court gave counsel more than a one-month extension of time for that filing, until June 1, 2026, which deadline was ***months*** after Ferguson served discovery in this case and nearly six weeks after Ferguson sent its deficiency letter; and (3) that matter has been pending for nearly three years, such that any obligation to file a statement of material facts in connection with a motion for summary judgment should have been eminently foreseeable and does not justify non-responsiveness in the instant case.

Plaintiff then asserts without any supporting detail that she "acted in good faith in timely submitting her responses and objections," (although her objections were not timely), and claims that her "inability to earlier meet and confer was likewise inadvertent, and not intentionally evasive." Dkt. No. 30 at 8.  Her only "evidence" of this is that she sent a response to Ferguson's April deficiency letter over a month after it was served, and ***after*** Ferguson filed the instant Motion.  *Id.*  In short, Plaintiff has not demonstrated any justification for her insufficient responses and failure to meet and confer regarding the same, and a fee award is therefore dictated under Rule 37(a)(5)(A).

## IV.     CONCLUSION

Accordingly, for the foregoing reasons, and those that may be advanced during oral argument, Defendant respectfully requests that this Court (1) strike the untimely objections raised in Plaintiff's discovery responses; (2) order Plaintiff to promptly produce, without objections, all documents in her possession, custody, and control responsive to the identified

---

[1]     Notably, Plaintiff's local counsel is already subject to a show-cause order in this case for failing to comply with Local Civil Rule 83.1.  *See* Dkt. No. 24.

Discovery Requests; (3) order Plaintiff to promptly serve, without objections, full and complete answers to the identified Interrogatories; and (4) award Defendant its costs and attorneys' fees incurred for the filing and prosecution of this Motion.

Dated: June 22, 2026                    Respectfully submitted,

                                        **FERGUSON ENTERPRISES, LLC**
                                        By Counsel

                                        */s/ Robert W. McFarland*
                                        Robert W. McFarland (VSB No. 24021)
                                        Amy Morrissey Turk (VSB No. 44957)
                                        Carl A. Retzloff (VSB No. 97722)
                                        MCGUIREWOODS LLP
                                        World Trade Center
                                        101 West Main Street
                                        Suite 9000
                                        Norfolk, VA 23510
                                        Telephone: (757) 640-3716
                                        Facsimile: (757) 640-3966
                                        Email: rmcfarland@mcguirewoods.com
                                        Email: aturk@mcguirewoods.com
                                        Email: cretzloff@mcguirewoods.com

                                        Richard J. Batzler (VSB No. 95689)
                                        MCGUIREWOODS LLP
                                        1750 Tysons Blvd., Suite 1800
                                        Tysons Corner, VA 22102
                                        (703) 712-5323 (telephone)
                                        (703) 712-5050 (facsimile)
                                        Email: rbatzler@mcguirewoods.com

                                        *Counsel for Defendant Ferguson Enterprises, LLC*

12

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send an electronic notification of the same (NEF) to all counsel of record.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
Telephone: (757) 640-3716
Facsimile: (757) 640-3966
rmcfarland@mcguirewoods.com

*Counsel for Defendant Ferguson Enterprises, LLC*