# Exhibit 11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| MANIMEGALAI LOGANATHAN, <br><br> Plaintiff, <br><br> vs. <br><br> FERGUSON ENTERPRISES LLC, <br><br> Defendant. | Case No.: 4:25-cv-120 (JKW) (RJK) <br><br> **PLAINTIFF'S SUPPLEMENTAL RESPONSES & OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

**GENERAL OBJECTIONS**

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1.      The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2.      The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3.      The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4.      The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

1

Plaintiff which are inconsistent with those rules. Plaintiff will respond to Defendant's demands in accordance with the applicable rules.

All of Plaintiff's answers are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

### INTERROGATORY NO. 2

Identify those persons (other than your retained attorneys), including but not limited to current and/or former Ferguson employees, with whom you have communicated regarding any of the allegations made in the FAC, either at the time or since the time the events alleged in the FAC occurred. Include in your answer the dates of such communication(s), the substance of the communication(s), and identify every document relating to the communication(s).

**SUPPLEMENTAL RESPONSE: Plaintiff identifies Donna Cox, Harrison Rogers, Michelle Hicks, Adam Feldberg, Andrew Lautenslager, and Rajat Nair.  Plaintiff does not specifically recall the dates of the communications.  The substance of Plaintiff's communications with Donna Cox are Plaintiff's complaints that Defendant was not following their own policy concerning performance improvement plans.  The substance of Plaintiff's communications with Harrison Rogers was Plaintiff's complaint that Rajat Nair discriminated and retaliated against her.  The substance of Plaintiff's communications with Michelle Hicks was Plaintiff's concern raised about differential treatment, namely, Hicks' recording of calls with Plaintiff but not other employees, as well as Hicks' declining to provide Plaintiff with a copy of the call recordings upon her request due to Hicks' making misrepresentations concerning Plaintiff's statements during their calls.  The substance of Plaintiff's communications with Adam Feldberg was Plaintiff's request for a meeting to discuss ongoing workplace concerns, which he declined and said he was unavailable to discuss the topic.  The substance of**

3

Plaintiff's communications with Andrew Lautenslager was Plaintiff's concerns about Ferguson not following its policy concerning performance improvement plans. The substance of Plaintiff's communications with Rajat Nair was Plaintiff's complaint that she was not being paid the same as her colleagues, to which Nair stated it was due to her national origin and citizenship status. The documents relating to the communications have been produced.

Plaintiff also prepared her own responses to this interrogatory, with documents referenced therein (which are submitted in a supplemental production simultaneously herewith), which are copied herein below:

Donna Cox – December 2024 – I don't remember the date

Harrison Rogers  Verbal – 10/28/2024 through teams meeting – I told Harrison that Rajat Nair is discriminating, retaliating against me . EEO Ticket is attached

Harrison Rogers Verbal – 11/12 /2024 through teams meeting – I told Harrison that Rajat Nair is discriminating, retaliating against me .Email attached

Adam Feldberg Email – Email – November  15 2024-   Email attached

Andrew Lautenslager – verbal – I dont remember the dates _ I told him that  PIP policy was not followed for me where as it was followed for other employees.

Michelle Hicks – Email  - 11/15/2024 - Email attached

Rajat Nair,  Verbal November 17 2023  ,Jan 2024 & July2024 (November -phone screenshot for call history) – Rajat Nair told You will not be getting the same pay as American workers because you are an Indian and on a visa. You have to work double the time for the pay whatever you are getting it now. After this call, when I considered following up or documenting our exchange, Mr. Nair explicitly told me not to share the text or mention the

**conversation in office email. His direction not to document the discussion in email clearly indicates an awareness that the comments were inappropriate or in violation of company policy.**

**INTERROGATORY NO. 3**

If you or anyone acting on your behalf has obtained any statement concerning any issue relevant to this Action, identify the person providing the statement, the date it was taken, the substance of the statement, whether it was recorded or reduced to writing, whether it was signed, and the present location of all recordings, transcripts, or non-privileged notes or writings of any kind pertaining to each statement.

**SUPPLEMENTAL RESPONSE: Plaintiff identifies Rajat Nair and Harrison Rogers.  The dates and substance of the statements are identified in response to Interrogatory No. 2 and are incorporated by reference herein.  To the extent the communications were not verbal, they are reduced to writing in the documents (e-mails and Teams messages) identified in response to Interrogatory No. 2, none of which are physically signed.  Plaintiff does not have any recordings other than the one produced relating to Michelle Hicks.  The present location of the sole recording is on Plaintiff's computer.  To the extent the present location of the e-mails and Teams messages are required to be provided, they are also on Plaintiff's computer. Plaintiff's computer is currently located at her home in Glen Allen, Virginia.**

**INTERROGATORY NO. 9**

Identify any and all sources and amounts of income, earnings, or monies that were given to you or earned by you, or that were attributed to you by any other party in W-2 or 1099 forms, whether or not reported to the Internal Revenue Service ("IRS") and whether or not received as a

withholding any responsive medical records in light of her supplemental production of documents submitted simultaneously herewith.

**INTERROGATORY NO. 15**

Identify each and every current or former Ferguson official, administrator, employee, representative, or agent whom you allege discriminated against you on the basis of your race and/or national origin as alleged in the FAC.

**SUPPLEMENTAL RESPONSE: Plaintiff identifies Rajat Nair, Michelle Hicks, Harrison Rogers, Adam Feldberg, and Donna Cox. Plaintiff further supplements her response to state that there are no other individuals who she claims discriminated against her other than those disclosed herein.**

**INTERROGATORY NO. 16**

For each person identified in response to Interrogatory, No. 12 [*sic*], describe with particularity each discriminatory act that the person took against you, including in your answer the date, time, and circumstances of the alleged discriminatory act; any witnesses to the alleged discriminatory act; and all individuals with knowledge of the alleged discriminatory act.

**SUPPLEMENTAL RESPONSE: Dominion Behavioral Health – Visit summary is attached**

**Ferguson Mental Health Support Line  - November 12 2024, Called them to  deal with work place stress and Anxiety and spoke to Richard G, he suggested to meet with primary care provider to address the panic attacks**

**Vital Care Family Practice - Visit summary is attached.**

**Plaintiff otherwise incorporates by reference her supplemental response to Interrogatory No. 2.**

9

**<u>INTERROGATORY NO. 18</u>**

For each person identified in response to Interrogatory No. 14 [*sic*], describe with particularity each retaliatory act that the person took against you, including in your answer the date, time, and circumstances of the alleged retaliatory act; any witnesses to the alleged retaliatory act; and all individuals with knowledge of the alleged retaliatory act.

**<u>SUPPLEMENTAL RESPONSE</u>: Plaintiff refers Defendant to her EEO Tickets, attached herein. Plaintiff otherwise refers Defendant to her supplemental response to Interrogatory No. 2.**

**<u>INTERROGATORY NO. 19</u>**

Identify and describe with particularity each time you allege you told any Ferguson official, administrator, employee, representative or agent that you believed Ferguson treated you unfairly or otherwise discriminated or retaliated against you specifically because of your race, national origin, or alleged participation in protected activity(ies), including, without limitation, the times you "questioned [sic] about [your] unconscionably low pay compared to [your] colleagues" and "raised to Defendants [sic] [your] internal complaints about hostile treatment, discriminatory pay, and team conflicts," as alleged in Paragraphs 17 and 18 of the FAC. Include in your answer (1) the name(s) of the person(s) with whom you communicated; (2) the date(s) of the communication(s); (3) the substance of the communication(s); and (4) whether the communication(s) was verbal or in writing.

**<u>SUPPLEMENTAL RESPONSE</u>: Plaintiff responds as follows:**

- **Harrison Rogers – October 2024 – writing**
- **Donna Cox – November 22, 2024 – writing**
- **Michelle Hicks – January 16 2025 - writing**

- **Rajat Nair – all verbal - November 17 2023, January 2024, & around July 2024 - My pay could not match with U.S. citizen peers due to my visa status and I am an Indian.**

- **Adam Feldberg – November 14 2024 – writing**

- **Plaintiff does not recall the specific date of any of the communications, and for the substance of the remaining communications, Plaintiff refers Defendant to her supplemental response to Interrogatory No. 2.**

**INTERROGATORY NO. 20**

Explain the allegation in Paragraph 17 of the FAC that your "pay compared to [your] colleagues" was "unconscionably low" including, but not limited to, a description of the reasons you believe your "pay compared to [your] colleagues" was "unconscionably low"; identification of the "colleagues" who were presumably paid more than you; and identification of any communications relating to this allegation.

**SUPPLEMENTAL RESPONSE: Plaintiff identifies Chen Liang. Plaintiff was told by Rajat Nair that her pay could not match with U.S. citizen peers due to her visa status and because I am an Indian.**

**INTERROGATORY NO. 21**

Explain the allegation in Paragraph 19 of the FAC that "negative feedbacks [sic] were solicited from individuals with known conflicts with the Plaintiff and from a vendor whom Plaintiff had previously held accountable for overbilling," including, but not limited to, a description of the reasons you believe "negative feedbacks [sic] were solicited"; identification of the "individuals with known conflicts with the Plaintiff"; identification of the "vendor whom

11

were biased and not accurate, but is instead now using the complaint as a pretext for his discrimination and retaliation towards me.

**INTERROGATORY NO. 22**

Identify and describe all facts supporting the allegation in Paragraph 24 of the FAC that "Will Park and Jeanine Wandera [] were given verbal and written warnings and allowed time to improve, despite ongoing performance issues."

**SUPPLEMTNAL RESPONSE: Plaintiff states that Will Parks and Jeanine Wandera remained employed. Plaintiff further supplements her response as follows: For Will park – Rajat Nair suggested to follow the Ferguson PIP policy -For the process of relaying feedback, my recommendation would be to do it in 2 steps – i) Have a constructive conversation centered around improvements and how it will help drive outcomes while ensuring the associate is developing and growing their career as well, accepting the feedback and agreeing to work on it is critical here and ii) – Ensure we have that emailed out to him post the verbal discussion , we need to work with him to ensure he is getting the feedback incorporated and the improvements are being made in a timely manner. Email attached For Jeanine Wandera – I do not have any documents. I witnessed that Jeanine had serious performance issues and missed multiple critical deliverables, she was given multiple oral warnings followed by written warnings by her Manager Paul Koneczny and finally placed in PIP. It took more than six (6) months before she was officially placed on a PIP. For Jeanine Wandera, Ferguson PIP policy was followed.**

13

Dated: July 10, 2026

<u>/s/ Aryeh E. Stein, Esq.</u>
Aryeh E. Stein, Esq.
Bar No. 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
T: (443) 326-6011
F: (410) 782-3199
astein@meridianlawfirm.com

Emanuel Kataev, Esq., NY Bar # 5154588
*Admitted pro hac vice*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Manimegalai Loganathan*

14

## **VERIFICATION**

I certify that the foregoing statements are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I also certify that the existence of other documents responsive to Defendant's Interrogatories is unknown to me; and that if other responsive information later become known or available, I shall serve them promptly on Defendant.

*manimegalai loganathan*
manimegalai loganathan (Jul 10, 2026 19:21:35 EDT)

Manimegalai Loganathan