# Exhibit 13

ASN Law Offices, Inc.
1875 Century Park East, Suite 1120
Los Angeles, CA 90067
P: 310.869.9866 | E: alex@alexnahai.com

January 15, 2025

Jacquelyn Kinni
Assistant General Counsel
Ferguson Enterprises, LLC
751 Lakefront Commons
Newport News, VA, 23606

### RE: Formal Demand Regarding Retaliatory Actions

Dear Ms. Kinni:

We are writing on behalf of our client, Ms. Manimegalai Loganathan, in response to your correspondence dated January 8, 2025 in connection with her concerns about the Performance Improvement Plan ("PIP") imposed by Ferguson. This letter serves as a detailed response to your recent communication and reiterates Ms. Loganathan's concerns, substantiated by the sequence of events and evidence at hand.

### Retaliatory Nature of the PIP

The PIP issued to Ms. Loganathan appears to be a direct consequence of her protected activity, raising serious concerns of retaliation prohibited under federal and state employment laws. As previously highlighted, Ms. Loganathan engaged in protected activity when she reported her concerns regarding Mr. Rajat Nair's management practices during a one-on-one meeting, subsequently escalating these concerns to Mr. Nair's supervisor, Harrison.

In the weeks following these reports, Ms. Loganathan experienced a series of adverse employment actions:

- She was reassigned without explanation to a new manager, Ms. Michelle Hicks.
- Her team size was reduced, and feedback was solicited from a selective and unrepresentative group of individuals, resulting in biased evaluations.
- The PIP was implemented without any documented performance concerns or prior feedback discussions.
- Ms. Loganthan's visa process, which has been ongoing since 2022 was placed on hold.

This chain of events raises a strong inference that the PIP was retaliatory, as it was issued shortly after Ms. Loganathan voiced concerns about workplace treatment. The actions taken against her

**P55**

ASN Law Offices, Inc.
1875 Century Park East, Suite 1120
Los Angeles, CA 90067
P: 310.869.9866 | E: alex@alexnahai.com

lacked any legitimate business justification and deviated from Ferguson's standard practices, further evidencing a retaliatory motive.

## Lack of Prior Discussion or Feedback

Ferguson's implementation of a PIP for Ms. Loganathan was fundamentally flawed due to the absence of prior discussions, warnings, or feedback about alleged performance issues.

Ferguson's own PIP policy indicates that such measures are reserved for employees with documented performance issues. Ms. Loganathan's record, including recent salary increases, the bonus she received, and favorable evaluations, all directly contradict this threshold. The lack of prior discussions and failure to document specific areas for improvement undermine the legitimacy of the PIP.

Ferguson did not provide Ms. Loganathan with a reasonable opportunity to address any alleged deficiencies before resorting to a formal PIP. Performance management best practices emphasize collaboration and communication to address concerns informally before escalating to formal disciplinary measures. The company's decision to bypass these steps suggests that the PIP's purpose was not to support Ms. Loganathan's professional development but to justify retaliatory actions.

## Misrepresentation of Willingness to Accept Feedback

Ferguson's assertion that Ms. Loganathan has categorically rejected feedback is both inaccurate and unsupported by evidence. On the contrary, Ms. Loganathan has consistently demonstrated her openness to constructive criticism and her commitment to professional growth.

During a conversation with her manager after one month on the PIP, Ms. Loganathan explicitly expressed her willingness to accept constructive feedback. She emphasized the importance of ensuring that such feedback is objective and devoid of retaliatory motives. Ferguson's characterization of her statements as a blanket rejection is a misrepresentation of her position and contradicts her professional demeanor and record.

Ms. Loganathan's professional history includes significant achievements, as evidenced by her prior performance reviews and recognition, such as a 17% salary increase and 17% bonus received during FY24. These accomplishments demonstrate her ability to receive and incorporate constructive feedback effectively, further undermining the claim that she has been unreceptive.

**P56**

ASN Law Offices, Inc.
1875 Century Park East, Suite 1120
Los Angeles, CA 90067
P: 310.869.9866 | E: alex@alexnahai.com

### Lack of Evidence for Claims

Ferguson's allegations regarding Ms. Loganathan's performance and receptiveness to feedback remain unsubstantiated due to the absence of specific examples, documented warnings, or prior evaluations identifying concerns.

Despite repeated requests prior to being placed on PIP, Ms. Loganathan was never provided with detailed, documented examples of alleged performance deficiencies. Ferguson's failure to present such evidence undermines the credibility of its claims and violates fundamental principles of transparency and fairness in performance management.

### Limited Evaluation Period

The timeline of events leading to Ms. Loganathan's evaluation under the PIP highlights the inadequacy of the assessment period and further supports the assertion that the PIP was pretextual.

During the PIP period, Ms. Loganathan was on a pre-approved vacation for two weeks and attended a training program for one week. These planned absences, which Ferguson was fully aware of, left her manager with only one week to evaluate her performance.

A single week is an insufficient period to conduct a fair and comprehensive evaluation of any employee's performance, particularly when weighed against Ms. Loganathan's multi-year history of documented achievements.

Given the limited evaluation period, Ferguson's conclusion that Ms. Loganathan's performance was unsatisfactory lacks credibility and further supports the argument that the PIP was implemented for retaliatory reasons rather than to address genuine concerns.

### Micromanagement and Misguidance

During the PIP period, Ms. Loganathan was subjected to excessive micromanagement and inconsistent instructions, further hindering her ability to succeed and demonstrating a predetermined effort to ensure her failure under the PIP.

**P57**

ASN Law Offices, Inc.
1875 Century Park East, Suite 1120
Los Angeles, CA 90067
P: 310.869.9866 | E: alex@alexnahai.com

Ms. Loganathan's manager, Ms. Michelle Hicks, engaged in micromanagement practices that deviated from Ferguson's standard management practices. This included frequent and unwarranted oversight of her work, undermining her autonomy and ability to perform effectively. Ms. Loganathan was subjected to contradictory directives from her manager. For example, she was initially instructed to follow specific processes, only to be later criticized and told to follow a different set of instructions. This pattern of inconsistent guidance created confusion and set her up for failure, further evidencing the retaliatory intent behind the PIP.

### Negative Impact on Internal Mobility

Ferguson's actions have significantly impeded Ms. Loganathan's ability to explore other roles within the company, contradicting its stated intent to support her career progression. Ms. Loganathan was informed by Ms. Hicks that hiring managers within Ferguson would be made aware of her PIP. This disclosure effectively barred her from pursuing internal opportunities, creating a significant barrier to her career advancement.

Ferguson's internal mobility policy ostensibly allows employees to explore other roles within the company. However, the disclosure of Ms. Loganathan's PIP and alleged performance issues unfairly prejudices her candidacy for other roles, rendering this policy meaningless in her case.

The limitations placed on Ms. Loganathan's internal mobility have jeopardized her professional growth and undermined her career stability. This, coupled with the ongoing PIP and associated stress, has had a profound impact on her mental health, well-being and ability to contribute effectively to Ferguson.

*Accordingly, our client hereby reiterates and demands the following:*

1. Ms. Loganathan must be removed from the PIP, as its implementation is baseless, unwarranted, and inconsistent with her exemplary performance history;

2. Any documented negative feedback or writeups regarding my client from after September 6, 2024 should be stricken;

3. Ms. Loganathan must be reinstated to a role equivalent to her prior position with the same responsibilities, reporting to a different supervisor who can support a productive and non-retaliatory work environment; and

**P58**

ASN Law Offices, Inc.
1875 Century Park East, Suite 1120
Los Angeles, CA 90067
P: 310.869.9866 | E: alex@alexnahai.com

4. Ferguson must resume the I-140 premium visa processing and provide all necessary assistance to ensure her immigration status is not jeopardized. Given the critical nature of this issue, delays or failures to act will result in significant harm to Ms. Loganathan and her family.

The foregoing is not intended to be a complete statement of the facts or of the law relevant to this matter, nor of our client's legal and equitable rights and remedies and nothing hereinabove set forth or omitted shall be deemed a waiver or limitation of any right, remedy or cause of action of any kind whatsoever, all of which are hereby expressly reserved to our client.

This communication is inadmissible as evidence under Federal Rule of Evidence 408, California Evidence Code s1152, California Evidence Code s1154, and any other applicable regulations pertaining to the settlement and release of claims.

As you can appreciate, this letter does not constitute an offer of any kind, it being understood that no agreement shall be binding on our client until and unless the same shall have been executed and delivered by all parties thereto.

Sincerely,

Alex Nahai, Esq.
Principal
ASN Law Offices, Inc.

**P59**