# Exhibit 32

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

MANIMEGALAI LOGANATHAN,

Plaintiff,

vs.

FERGUSON ENTERPRISES LLC,

Defendant.

Case No.: 4:25-cv-120 (JKW) (RJK)

**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

## GENERAL OBJECTIONS

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1.      The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2.      The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3.      The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4.      The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

1

Plaintiff which are inconsistent with those rules. Plaintiff will respond to Defendant's demands in accordance with the applicable rules.

All of Plaintiff's answers are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

### INTERROGATORY NO. 1 (2 interrogatories; 2 requests running total)

For each person whom you believe or know to possess knowledge of facts underlying any of the claims asserted in the FAC or any of Ferguson's defenses thereto, provide that person's contact information and state the substance of the individual's factual knowledge that you know or believe he/she possesses. This list is not limited to witnesses who will testify on your behalf at any hearing but necessarily includes such witnesses. Ferguson will object to anyone who attempts to testify as a witness on your behalf who has not been fully identified in response to this Interrogatory.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, premature with respect to its seeking information regarding witnesses, requires speculation, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff respectfully refers Defendant to her Rule 26 disclosures.**

### INTERROGATORY NO. 2 (4 interrogatories; 6 requests running total)

Identify those persons (other than your retained attorneys), including but not limited to current and/or former Ferguson employees, with whom you have communicated regarding any of the allegations made in the FAC, either at the time or since the time the events alleged in the FAC

3

occurred. Include in your answer the dates of such communication(s), the substance of the communication(s), and identify every document relating to the communication(s).

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff identifies Donna Cox, Harrison Rogers, Adam Feldberg, Andrew Lautenslager, and Rajat Nair.**

**INTERROGATORY NO. 3 (6 interrogatories; 12 requests running total)**

If you or anyone acting on your behalf has obtained any statement concerning any issue relevant to this Action, identify the person providing the statement, the date it was taken, the substance of the statement, whether it was recorded or reduced to writing, whether it was signed, and the present location of all recordings, transcripts, or non-privileged notes or writings of any kind pertaining to each statement.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not reasonably limited in scope as to subject matter, time frame, or persons, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff identifies Rajat Nair and Harrison Rogers.**

4

of the expert, which sets forth or summarizes the facts or opinions on which the expert is expected to testify.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it is premature, overly broad, unduly burdensome, premature, requires speculation, and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff responds that she has not designated any expert at this time but reserves the right to do so in accordance with the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 15 (2 interrogatories; 88 requests running total)**

Identify each and every current or former Ferguson official, administrator, employee, representative, or agent whom you allege discriminated against you on the basis of your race and/or national origin as alleged in the FAC.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it seeks information beyond Plaintiff's present knowledge or calls for a complete identification of all individuals prior to the completion of discovery.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

13

- **Plaintiff identifies Rajat Nair, Michelle Hicks, Harrison Rogers, Adam Feldberg , and Donna Cox.**

## INTERROGATORY NO. 16 (5 interrogatories; 93 requests running total)

For each person identified in response to Interrogatory, No. 12 [*sic*], describe with particularity each discriminatory act that the person took against you, including in your answer the date, time, and circumstances of the alleged discriminatory act; any witnesses to the alleged discriminatory act; and all individuals with knowledge of the alleged discriminatory act.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, vague (with respect to its mis-citation of Interrogatory No. 12), premature, and not reasonably limited in scope, as it seeks a detailed and comprehensive recitation of all facts, witnesses, and circumstances supporting Plaintiff's claims prior to the completion of discovery.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendant to her Complaint.**

## INTERROGATORY NO. 17 (2 interrogatories; 95 requests running total)

Identify each current or former Ferguson official, administrator, employee, representative or agent whom you allege retaliated against you because you "raised to Defendants [sic] [your] internal complaints about hostile treatment, discriminatory pay, and team conflicts," as alleged in Paragraphs 18 and 19 of the FAC.

14

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it seeks information beyond Plaintiff's present knowledge or calls for a complete identification of all individuals prior to the completion of discovery.  Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff identifies Rajat Nair, Michelle Hicks, and Harrison Rogers.**

**INTERROGATORY NO. 18 (5 interrogatories; 100 requests running total)**

For each person identified in response to Interrogatory No. 14 [*sic*], describe with particularity each retaliatory act that the person took against you, including in your answer the date, time, and circumstances of the alleged retaliatory act; any witnesses to the alleged retaliatory act; and all individuals with knowledge of the alleged retaliatory act.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it seeks information beyond Plaintiff's present knowledge or calls for a complete identification of all individuals prior to the completion of discovery, is vague (with respect to its mis-citation of Interrogatory No. 14), and requires speculation regarding witnesses and individuals with knowledge.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendant to her Complaint.**

15

Identify any individual, other than an attorney retained by you, who supplied information or assisted in answering these Interrogatories, and for each individual identified, specify which Interrogatory or Interrogatories (by number) such individual assisted in answering.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff identifies no one.**

Dated: Flushing, New York
April 6, 2026

*/s/ Aryeh E. Stein, Esq.*
Aryeh E. Stein, Esq.
Bar No. 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
T: (443) 326-6011
F: (410) 782-3199
astein@meridianlawfirm.com

Emanuel Kataev, Esq., NY Bar # 5154588
*Admitted pro hac vice*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Manimegalai Loganathan*

21

## **VERIFICATION**

I certify that the foregoing statements are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I also certify that the existence of other information responsive to Defendant's Interrogatories is unknown to me; and that if other responsive information later become known or available, I shall serve them promptly on Defendant.

*Manimegalai Loganathan*

Manimegalai Loganathan

22

Document Ref: MVXVN-YKPNX-Q7KFN-VBNRQ                                    Page 1 of 1

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**MVXVN-YKPNX-Q7KFN-VBNRQ**

DOCUMENT COMPLETED BY ALL PARTIES ON
**06 APR 2026 13:09:41
AMERICA/NEW YORK**

**SIGNER**

**TIMESTAMP**

**SIGNATURE**

EMAIL
**MANIMEGALAIL@GMAIL.COM**

SHARED VIA
**LINK**

SENT
**06 APR 2026 12:21:48**

VIEWED
**06 APR 2026 13:09:06**

SIGNED
**06 APR 2026 13:09:41**

*Manimegalai Loganathan*

IP ADDRESS
**71.176.234.181**

LOCATION
**GLEN ALLEN, UNITED STATES**