**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| MANIMEGALAI LOGANATHAN,<br><br>*Plaintiff,*<br><br>v.<br><br>FERGUSON ENTERPRISES LLC,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:25cv120 |

**PLAINTIFF'S EXPEDITED MOTION FOR LIMITED TURNOVER OF TWO CATEGORIES OF FORMER-COUNSEL CASE-FILE COMMUNICATIONS AND MEMORANDUM IN SUPPORT**

Plaintiff Manimegalai Loganathan, proceeding pro se, respectfully requests a narrow order directing her former counsel, Emanuel Kataev, to provide two specified categories of existing case-file communications: (1) communications with Ferguson's counsel concerning the June 8, 2026 Supplemental Request for Production, and (2) communications with Ferguson's counsel concerning efforts to schedule Michelle Hicks's deposition. Plaintiff does not ask the Court to resolve any fee or retainer dispute, impose sanctions, make disciplinary findings, revisit discovery, or require former counsel to create new work. If no responsive communications can be located after a reasonable search, Plaintiff asks only for a declaration stating that fact.

Expedited consideration is requested because deadlines arising from the Court's September 11, 2026 judgment are presently running. Plaintiff is now proceeding without counsel and needs an accurate record of these two discrete discovery events to evaluate and protect her available post-judgment and appellate rights before the applicable deadlines expire. The ordinary response period would materially diminish the practical value of the requested relief. Plaintiff

therefore requests a shortened response period and determination without oral hearing pursuant to Local Civil Rules 7(F)(1) and 7(J).

## MEMORANDUM IN SUPPORT

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On September 11, 2026, the Court entered summary judgment and judgment for Defendant. Plaintiff thereafter began gathering the litigation file necessary to evaluate and protect her rights following judgment.
2. On September 15, Plaintiff advised Mr. Kataev that she could not find the email communications with opposing counsel in the materials provided to her. Mr. Kataev responded that he could not take on the administrative burden of assembling all emails with opposing counsel and told Plaintiff to search her own emails because he typically forwarded correspondence. Ex. A at 1.
3. On September 17, Plaintiff narrowed her request to the same two categories now presented to the Court: (a) the complete email thread and scheduling communications concerning Michelle Hicks's deposition; and (b) proof showing whether and how the June 8, 2026 Supplemental Request for Production was transmitted or served, including the sent email, attached version, delivery confirmation, and any acknowledgment or response from Ferguson's counsel. Ex. A at 2.
4. Mr. Kataev's September 17 response stated, as to the Hicks deposition, that Plaintiff had been sent 'those emails as a matter of course.' As to the June 8 Supplemental RFP, he directed Plaintiff to the certificate of service and stated that 'Everything is sent via email or ECF.' Ex. A at 2. His response therefore referred to communications or transmission records of the precise type Plaintiff seeks.

5. Later that same day, Plaintiff advised Mr. Kataev that she had checked the case materials and emails available to her and did not have the Hicks scheduling correspondence. She asked him simply to forward or resend the existing thread and expressly stated that she was not asking him to recreate history, prepare a summary, or conduct new legal work. Ex. A at 3.

6. On September 24, Plaintiff again requested the existing correspondence concerning the June 8 Supplemental RFP and the Hicks deposition. Mr. Kataev responded that he was asserting a retaining lien on the remainder of the file until Plaintiff paid costs in full and that he would send a final bill for Plaintiff to pay to obtain the file. Ex. B.

7. On September 25, 2026, the Court granted Plaintiff's request to terminate counsel's appearances and directed the Clerk to terminate the appearances of Aryeh Eliezer Stein, Daniel C. Cohen, and Emanuel Kataev. ECF No. 54. Plaintiff is therefore now proceeding without counsel.

8. Also on September 25, Plaintiff contacted Mr. Stein regarding the requested materials. Mr. Stein stated that his role had been limited to local counsel and that he did not possess the documents or materials Plaintiff requested. Ex. C at 1.

9. Plaintiff then renewed the same targeted request directly to Mr. Kataev, explaining that the two categories remained missing and that time-sensitive post-judgment deadlines were approaching. Ex. C at 1-2.

10. Mr. Kataev replied that Plaintiff had been given the complete file and that she 'will not receive anything else' requested unless and until she complied with alleged obligations under the retainer agreement to pay costs. Ex. C at 2; Ex. C-1. Exhibit C-1 is included because the final reply was truncated when the Gmail thread was converted to PDF.

11. Plaintiff has reviewed the electronic materials delivered by former counsel and the emails available to her. She still has not located or received either (a) the communications showing transmission, receipt, response, objection, extension, follow-up, or meet-and-confer activity concerning the June 8 Supplemental RFP, or (b) the communications concerning proposed dates, responses, alternative dates, follow-ups, or discovery-deadline discussions for Michelle Hicks's deposition. Loganathan Decl. ¶¶ 3-8.

## II. ARGUMENT

### A. Virginia Rule 1.16(e) expressly covers the two categories of communications requested here.

Virginia Rule of Professional Conduct 1.16(e) provides that, upon termination and request, a client must be provided within a reasonable time specified materials from the lawyer's file whether or not the client has paid the fees and costs owed the lawyer. The listed materials expressly include 'lawyer/client and lawyer/third-party communications.' Va. R. Prof'l Conduct 1.16(e). The Rule further states that a lawyer may not use the client's refusal to pay as a basis to refuse the client's request for those materials. Local Civil Rule 83.1(J) adopts the ethical standards in Section II of Part Six of the Rules of the Virginia Supreme Court for civil practice in this Court. Plaintiff seeks only lawyer/third-party communications concerning two identified discovery events, placing this request within Rule 1.16(e)'s express terms.

Rule 1.16(e) also addresses the suggestion that providing emails item-by-item during the representation completed counsel's turnover obligation. The Rule states that the obligation is not satisfied merely by providing copies of documents on an item-by-item basis during the course of the representation. Plaintiff is requesting the two missing categories as part of the post-termination case file, not asking former counsel to recreate work already completed.

**B. Published Fourth Circuit authority rejects a retaining lien as a basis to withhold client-file materials.**

In Recovery Ltd. P'ship v. Wrecked & Abandoned Vessel S.S. Central America, 790 F.3d 522, 529-30 (4th Cir. 2015), the Fourth Circuit affirmed that former counsel had a preexisting duty to return client files despite unpaid legal fees. The court relied on Virginia Rule of Professional Conduct 1.16(e), which requires turnover of specified client-file materials "whether or not the client has paid the fees and costs owed the lawyer," and cited Virginia Legal Ethics Opinion 1690 for the principle that a former client's files may not be held as leverage for payment. Id. at 529. The court further explained that attorneys may not assert retaining liens when doing so would cause foreseeable prejudice to the client. Id. at 530. Here, withholding the two narrowly requested categories while deadlines arising from the Court's September 11, 2026 judgment are running risks the kind of foreseeable prejudice recognized in Recovery.

The Fourth Circuit recently applied Rule 1.16(e) in United States v. Hooper, No. 24-6036, slip op. at 2-4 (4th Cir. Nov. 3, 2025) (unpublished), an appeal from the Newport News Division of this Court. The court concluded that former appellate counsel was obligated to return the case file, that the district court misapprehended the applicable legal principles and abused its discretion in denying the motion to compel as to that attorney, and vacated and remanded that portion of the order. Although Hooper is unpublished and arose in a criminal post-conviction proceeding, its application of Rule 1.16(e) is consistent with the published authority in Recovery Limited Partnership.

**C. The request is concrete, narrow, and does not ask the Court to decide the underlying fee dispute or discovery merits.**

This is not a generalized request for every email in former counsel's account. On September 17, Plaintiff identified the two categories with particularity. Mr. Kataev then referred to 'those emails' concerning the Hicks deposition and stated that the June 8 request was sent by email or ECF. Ex. A at 2. Plaintiff immediately advised him that the Hicks communications were not among the materials available to her and asked only that the existing thread be forwarded or resent. Ex. A at 3. She repeated the same narrow request on September 24 and September 25. Exs. B-C.

Plaintiff does not ask the Court to determine whether any amount is owed under the retainer agreement, whether former counsel committed professional misconduct, or whether any discovery request or deposition should have been pursued differently. Those matters are outside this motion. The limited question is whether the two specified categories of existing case-file communications should be provided promptly or, if they cannot be located after a reasonable search, whether former counsel should so certify.

**D. Expedited consideration is appropriate because deadlines arising from the judgment are presently running.**

Plaintiff is now proceeding pro se pursuant to the Court's September 25 Order terminating former counsel's appearances. ECF No. 54. Deadlines arising from the September 11 judgment are presently running, and the requested communications bear directly on Plaintiff's ability to evaluate and protect her available post-judgment and appellate rights while those deadlines remain pending.

Local Civil Rule 7(F)(1) ordinarily permits fourteen calendar days for a response unless the Court directs otherwise. Under the present circumstances, waiting through the ordinary briefing period could substantially diminish the practical value of the requested turnover.

Plaintiff therefore respectfully asks the Court to direct any response within three calendar days, or such abbreviated period as the Court deems appropriate, and to decide the motion without oral hearing under Local Civil Rule 7(J).

## III. RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests that the Court enter an expedited order:

1. directing former counsel Emanuel Kataev, within three (3) calendar days after entry of the order, to transmit directly to Plaintiff all existing emails, written communications, and attachments within his possession, custody, or control between him, his firm, or anyone acting on their behalf and counsel for Ferguson concerning the June 8, 2026 Supplemental Request for Production, including communications concerning transmission or service, acknowledgment, objections, responses, extensions, deadline discussions, follow-ups, and meet-and-confer activity;
2. directing Mr. Kataev, within the same three (3) calendar days, to transmit directly to Plaintiff all existing emails, written communications, and attachments within his possession, custody, or control between him, his firm, or anyone acting on their behalf and counsel for Ferguson concerning efforts to schedule Michelle Hicks's deposition, including proposed dates, responses, alternative dates, follow-ups, calendar invitations, attachments, and communications concerning the discovery deadline;
3. if, after a reasonable search, no responsive communications are located in either category, directing Mr. Kataev to provide Plaintiff with a declaration under penalty of perjury identifying the category searched and stating that no responsive communications were located;

4. directing that any responsive materials be transmitted directly to Plaintiff and not publicly filed, with only a short notice of compliance filed on the docket if the Court deems one necessary;

5. shortening any response period to three (3) calendar days, or such period as the Court deems appropriate, and deciding the motion without oral hearing; and

6. granting such other narrowly tailored procedural relief as the Court deems appropriate.

Respectfully submitted,

Signature: L. Manimegalai

Manimegalai Loganathan, Plaintiff Pro Se
11042 Little Five Loop
Glen Allen, Virginia 23059
Telephone: (857) 499-3366
Email: manimegalail@gmail.com
Dated: September 28, 2026

**CERTIFICATION**

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of, this document.

Manimegalai Loganathan
Name of Pro Se Party (Print or Type)
Signature of Pro Se Party:
L. Manimegalai
Executed on: September 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

MANIMEGALAI LOGANATHAN,

Plaintiff,

Civil Action No. 4:25-cv-120

v.

FERGUSON ENTERPRISES LLC,

Defendant.

---

**DECLARATION OF MANIMEGALAI LOGANATHAN**

I, Manimegalai Loganathan, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in this action and have personal knowledge of the matters stated here.
2. After judgment was entered on September 11, 2026, I reviewed the electronic case materials provided by my former counsel and began requesting the missing communications with Ferguson's counsel.
3. On September 15, 2026, I told Emanuel Kataev that I could not find the email communications with opposing counsel. On September 17, I narrowed my request to two categories: the Michelle Hicks deposition-scheduling communications and proof showing how the June 8, 2026 Supplemental Request for Production was transmitted or served, including any acknowledgment or response from Ferguson's counsel. A true copy of that email chain is attached as Exhibit A.
4. On September 17, Mr. Kataev stated that the Hicks-related emails had been sent to me 'as a matter of course' and stated regarding the June 8 request that everything is sent by email or ECF. I searched the emails and case materials available to me and did not locate the Hicks

scheduling thread or the requested transmission and response communications. I asked him the same day simply to forward or resend the existing correspondence.

5. On September 24, I again requested the existing correspondence concerning both categories. Mr. Kataev responded that he was asserting a retaining lien on the remainder of the file until costs were paid in full. A true copy is attached as Exhibit B.

6. On September 25, 2026, the Court entered an Order granting my request to terminate the appearances of Aryeh Eliezer Stein, Daniel C. Cohen, and Emanuel Kataev. ECF No. 54.

7. Also on September 25, I contacted Mr. Stein, who stated that he had acted only as local counsel and did not possess the documents or materials I requested. A true copy is attached as part of Exhibit C.

8. I then renewed the targeted request to Mr. Kataev. He replied that I had been given the complete file and that I would not receive anything else I requested unless and until I paid the costs he contends are owed. The Gmail PDF truncated part of that reply, so I have also attached as Exhibit C-1 a screenshot showing the complete reply as it appeared in my Gmail account.

9. As of the date of this declaration, I still have not located or received the two categories requested in this motion.

10. I am not asking former counsel to prepare a summary, reconstruct events, perform research, or create any new work product. I seek only the existing communications and attachments, or a declaration that no responsive communications can be located after a reasonable search.

11. I need an accurate record of these two discovery events while deadlines arising from the September 11, 2026 judgment remain pending so that I can evaluate and protect my available post-judgment and appellate rights.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2026, in Glen Allen, Virginia.

Signature: L. Manimegalai

Manimegalai Loganathan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

MANIMEGALAI LOGANATHAN,

Plaintiff,

Civil Action No. 4:25-cv-120

v.

FERGUSON ENTERPRISES LLC,

Defendant.

## CERTIFICATE OF SERVICE

I certify that on September 28, 2026, I served a true and correct copy of the foregoing Motion, Memorandum in Support, Declaration, and Exhibits by first-class United States mail and courtesy email on former counsel Emanuel Kataev, Sage Legal LLC, 18211 Jamaica Avenue, Jamaica, NY 11423-2327, emanuel@sagelegal.nyc, and Aryeh E. Stein, Meridian Law, LLC, 1212 Reisterstown Road, Baltimore, MD 21208, astein@meridianlawfirm.com. I also transmitted a courtesy copy by email to Defendant's counsel, Amy Morrissey Turk at aturk@mcguirewoods.com and Carl A. Retzloff at cretzloff@mcguirewoods.com. Upon docketing, CM/ECF will transmit the Notice of Electronic Filing to Defendant's registered counsel of record.

Signature: L. Manimegalai
Manimegalai Loganathan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

MANIMEGALAI LOGANATHAN,

Plaintiff,

Civil Action No. 4:25-cv-120

v.

FERGUSON ENTERPRISES LLC,

Defendant.

---

## EXHIBIT INDEX

**Exhibit A:** September 15-17, 2026 email chain showing the initial request for opposing-counsel emails, the September 17 narrowing to the June 8 Supplemental RFP and Michelle Hicks scheduling communications, counsel's response, and Plaintiff's same-day follow-up.

**Exhibit B:** September 24, 2026 client-file request and former counsel's response asserting a retaining lien pending payment of costs.

**Exhibit C:** September 25, 2026 email chain showing local counsel's statement that he does not possess the requested materials and Plaintiff's renewed targeted request to Emanuel Kataev.

**Exhibit C-1:** Complete screenshot of Emanuel Kataev's September 25, 2026 reply, included because the reply body was truncated in the PDF conversion of Exhibit C.

# EXHIBIT A

**September 15-17, 2026 Email Chain - Targeted Requests for June 8 Supplemental RFP and Michelle Hicks Communications**

**Exhibit A - Page 1 of 3**

To: Emanuel Kataev <emanuel@sagelegal.nyc>
Cc: Daniel Cohen <dcohen@consumerattorneys.com>, Rita Malinovski <rita@sagelegal.nyc>, Maya <maya@sagelegal.nyc>, Glenn Liberman <gliberman@sagelegal.nyc>, Alivia Cooney <alivia@sagelegal.nyc>, Irina Iakovleva <iiakovleva@consumerattorneys.com>

Thank you! I couldnt find the email communications? Will you be sending that as a separate email?
[Quoted text hidden]

---

**Emanuel Kataev** <emanuel@sagelegal.nyc> Tue, Sep 15, 2026 at 4:45 PM
To: Megha <manimegalail@gmail.com>
Cc: Daniel Cohen <dcohen@consumerattorneys.com>, Rita Malinovski <rita@sagelegal.nyc>, Maya <maya@sagelegal.nyc>, Glenn Liberman <gliberman@sagelegal.nyc>, Alivia Cooney <alivia@sagelegal.nyc>, Irina Iakovleva <iiakovleva@consumerattorneys.com>

I cannot take on the administrative burden of putting together all my emails with opposing counsel for you. I am busy litigating cases. I typically forward all correspondence with opposing counsel so look through your emails to see whatever it is you are looking for.

Sage Legal

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT



(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

18211 Jamaica Avenue
Jamaica, NY 11423-2327

6829 Main Street,
Flushing, NY 11367

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

---

**Megha** <manimegalail@gmail.com> Thu, Sep 17, 2026 at 12:14 PM
To: Emanuel Kataev <emanuel@sagelegal.nyc>
Cc: Daniel Cohen <dcohen@consumerattorneys.com>, Rita Malinovski <rita@sagelegal.nyc>, Maya <maya@sagelegal.nyc>, Glenn Liberman <gliberman@sagelegal.nyc>, Alivia Cooney <alivia@sagelegal.nyc>, Irina Iakovleva <iiakovleva@consumerattorneys.com>

**Exhibit A - Page 2 of 3**

Hi Emanuel,

I understand that you are busy as I am currently reviewing the file and deciding whether to pursue an appeal or simply close out the matter. Before I make that decision, could you please send me:

1. The complete email thread and all related scheduling communications concerning Michelle Hicks's deposition, including replies, follow-ups, attachments, and calendar invitations.
2. Any proof showing whether and how the June 8, 2026 Supplemental Request for Production was transmitted or served, including the sent email, attached version, certificate of service delivery confirmation, and any acknowledgment or response from Ferguson's counsel.

Thanks,
Manimegalai
[Quoted text hidden]

---

**Emanuel Kataev** <emanuel@sagelegal.nyc> Thu, Sep 17, 2026 at 12:34 PM
To: Megha <manimegalail@gmail.com>
Cc: Daniel Cohen <dcohen@consumerattorneys.com>, Rita Malinovski <rita@sagelegal.nyc>, Maya <maya@sagelegal.nyc>, Glenn Liberman <gliberman@sagelegal.nyc>, Alivia Cooney <alivia@sagelegal.nyc>, Irina Iakovleva <iiakovleva@consumerattorneys.com>

Megha:

We never deposed Michelle Hicks. So what does it matter about our efforts to do so? You were sent those emails as a matter of course. And the June 8, 2026 supplemental request for production is part of the court docket file which you have access to independently and is contained in the file I gave you. Look at the certificate of service at the end. Everything is sent via email or ECF.

Our retainer agreement has been concluded. It is your decision as to whether you want to appeal and I am fine with your decision either way. If you want to move forward, we can do $2,500.00 a month until the balance is paid off. I will send you a final accounting as soon as possible. If you don't want to move forward, I will send you our out-of-pocket costs itemized so you can pay that, which I will offer you on the same timeline.

Please do not create unnecessary work for me.

Thanks,

Sage Legal

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT



(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807 7819 (cellular)
emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

18211 Jamaica Avenue
Jamaica, NY 11423-2327

6829 Main Street,
Flushing, NY 11367

---

**From:** Megha <manimegalail@gmail.com>
**Sent:** Thursday, September 17, 2026 12:14
[Quoted text hidden]

**Exhibit A - Page 3 of 3**

[Quoted text hidden]

---

**Megha** <manimegalail@gmail.com> Thu, Sep 17, 2026 at 4:52 PM
To: Emanuel Kataev <emanuel@sagelegal.nyc>
Cc: Daniel Cohen <dcohen@consumerattorneys.com>, Rita Malinovski <rita@sagelegal.nyc>, Maya <maya@sagelegal.nyc>, Glenn Liberman <gliberman@sagelegal.nyc>, Alivia Cooney <alivia@sagelegal.nyc>, Irina Iakovleva <iiakovleva@consumerattorneys.com>

Thank you for your response.

Regarding Michelle Hicks, I have checked the case materials and emails available to me, and I **do not have the correspondence concerning the efforts to schedule her deposition** that you referenced in your email.

Since you indicated that those emails were sent to me as a matter of course, could you please simply **forward or resend the existing email thread concerning the scheduling of Michelle Hicks's deposition**, including any communications with Ferguson's counsel regarding her availability, proposed dates, follow-ups, responses, and any related calendar invitations or attachments?

I am not asking you to recreate the history, prepare a summary, or conduct new legal work. I am only requesting a copy of the existing correspondence from my case file that I do not currently have.

Thanks,
Manimegalai
[Quoted text hidden]

# EXHIBIT B

September 24, 2026 Client-File Request and Retaining-Lien Response

**Exhibit B**

Gmail Manimegalai Loganathan <manimegalail@gmail.com>

**Attorney Termination Letter**
2 messages

**Megha** <manimegalail@gmail.com> Thu, Sep 24, 2026 at 9:07 AM
To: Emanuel Kataev <emanuel@sagelegal.nyc>, "astein meridianlawfirm.com" <astein@meridianlawfirm.com>

Hi Emanuel / Stein

In your September 11 email, you advised me that our engagement under the existing retainer agreement was over and that any further appellate representation would require a separate engagement and retainer agreement.

I have not entered into a new engagement or retainer agreement.

Accordingly, please file the appropriate motion to withdraw as counsel of record in *Loganathan v. Ferguson Enterprises LLC, Case No. 4:25-cv-120* **by the end of today, Thursday, September 24, 2026**, and send me a copy immediately after it is filed.

Until the Court acts on the withdrawal, please take only those steps reasonably necessary to protect my existing rights and deadlines. You are not authorized to settle the matter, waive any appellate or post-judgment rights, accept any proposal from Ferguson, or otherwise resolve the matter without my express written approval.

Please also provide me **by the end of today**with the complete existing correspondence concerning:

1. the **June 8, 2026 Supplemental RFP**, including any responses, objections, acknowledgments, deadline discussions, extensions, follow-ups, meet-and-confer communications, or related correspondence;
2. the **Michelle Hicks deposition**, including proposed dates, responses, alternative dates, follow-ups, and any communications concerning the discovery deadline; and
3. **all other email correspondence and written communications between you, your office, and Ferguson's counsel concerning my case**, including discovery, depositions, scheduling, settlement, motions, deadlines, document productions, and other substantive case-related communications.

I am requesting copies of existing case-file materials only and am not asking you to prepare a summary or perform additional legal work.

Please confirm receipt of this email and advise once the withdrawal motion has been filed.

Thank you,
Manimegalai Loganathan

---

**Emanuel Kataev** <emanuel@sagelegal.nyc> Thu, Sep 24, 2026 at 9:22 AM
To: Megha <manimegalail@gmail.com>
Cc: "astein meridianlawfirm.com" <astein@meridianlawfirm.com>, Daniel Cohen <dcohen@consumerattorneys.com>, Alivia Cooney <alivia@sagelegal.nyc>, Glenn Liberman <gliberman@sagelegal.nyc>, Maya <maya@sagelegal.nyc>, Rita Malinovski <rita@sagelegal.nyc>

This is correct. Given the termination, we will not be filing any papers for you and leave that to you. We informed you of the deadline to do so via email and you have ample time to take action yourself.

As for your demand for the emails, we are asserting a retaining lien on the remainder of the file until you pay back our costs in full consistent with the retainer agreement. Further, there is no need to file anything to withdraw today or at any point in time. The case is dismissed.

We'll send our final bill for you to pay to obtain your file. Best wishes,

Sent from my iPhone

# EXHIBIT C

September 25, 2026 Demand, Local Counsel Response, and Renewed Targeted Request

**Exhibit C - Page 1 of 2**

Gmail Manimegalai Loganathan <manimegalail@gmail.com>

**Demand for Complete Client File — Loganathan v. Ferguson, Case No. 4:25-cv-00120-JKW-RJK**

5 messages

**Megha** <manimegalail@gmail.com> Fri, Sep 25, 2026 at 11:16 AM
To: "astein meridianlawfirm.com" <astein@meridianlawfirm.com>

Dear Mr. Stein,

Please be advised that I have filed a Notice to proceed pro se in the above-referenced matter. As you are aware, the Court entered summary judgment on September 11, 2026, and I have time-sensitive post-judgment deadlines approaching.

I have sent several written follow-up requests to lead counsel since September 11 requesting my complete file. Mr. Kataev has partially delivered a portion of the documents but has withheld the remaining discovery materials, specifically the correspondence with Ferguson's counsel concerning the June 8, 2026 Supplemental Request for Production and the scheduling of Michelle Hicks's deposition. On September 24, 2026, he stated he is asserting a retaining lien on the remainder of the file pending payment of costs.

As counsel of record throughout this litigation, you share responsibility for ensuring my file is produced. Under Virginia Rule of Professional Conduct 1.16(e), upon termination a client is entitled to complete file including communications with opposing counsel whether or not fees are owed.

I demand delivery of the remainder of my complete file, specifically including all written communications and discovery-related correspondence with defense counsel referenced above, by way of a secure digital download link or formal confirmation of delivery.

If I do not receive this by 12:00 PM on Monday, September 28, 2026, I will file a complaint with the Virginia State Bar and will raise the matter with the Court in connection with my pending post-judgment deadlines, attaching this correspondence and the prior requests showing the failure to comply.






I expect your cooperation in resolving this without further escalation.

Sincerely,
Manimegalai Loganathan

**astein meridianlawfirm.com** <astein@meridianlawfirm.com> Fri, Sep 25, 2026 at 11:27 AM
To: Megha <manimegalail@gmail.com>

Ms. Loganathan - following up on our telephone conversation from earlier this morning, my role in this matter was strictly limited to acting as Local Counsel for Mr. Kataev and his firm. As such, I am not in possession of the documents/materials that you have requested.

I, of course, wish you the best going forward, and if I can be of any assistance, please do not hesitate to contact me.

**Aryeh E. Stein, Esquire**
**Meridian Law, LLC**
**1212 Reisterstown Road**
**Baltimore, MD 21208**
**astein@meridianlawfirm.com**
**www.meridianlawfirm.com**
**443-326-6011 (phone)**
**336-863-9810 (fax)**

**Admitted in MD, DC and VA**

**From:** Megha <manimegalail@gmail.com>
**Sent:** Friday, September 25, 2026 11:16 AM
**To:** astein meridianlawfirm.com <astein@meridianlawfirm.com>
**Subject:** Demand for Complete Client File — Loganathan v. Ferguson, Case No. 4:25-cv-00120-JKW-RJK

[Quoted text hidden]

**Megha** <manimegalail@gmail.com> Fri, Sep 25, 2026 at 12:12 PM
To: "astein meridianlawfirm.com" <astein@meridianlawfirm.com>

Thank you for your response Mr. Stein. Would you be able to reach out to Emanuel and confirm his final decision?
Or I can send my original email and copy both of you to get his response.
Thank you,
Manimegalai
[Quoted text hidden]

**Megha** <manimegalail@gmail.com> Fri, Sep 25, 2026 at 2:30 PM
To: Emanuel Kataev <emanuel@sagelegal.nyc>, Daniel Cohen <dcohen@consumerattorneys.com>, Alivia Cooney <alivia@sagelegal.nyc>
Cc: "astein meridianlawfirm.com" <astein@meridianlawfirm.com>

Hi Emanuel,

## Exhibit C - Page 2 of 2

Please be advised that I have filed a Notice to proceed pro se in the above-referenced matter. As you are aware, the Court entered summary judgment on September 11, 2026, and I have time-sensitive post-judgment deadlines approaching.

I have sent several written follow-up requests since September 11 requesting my complete file. You have partially delivered a portion of the documents but have withheld the remaining discovery materials, specifically the correspondence with Ferguson's counsel concerning the June 8, 2026 Supplemental Request for Production and the scheduling of Michelle Hicks's deposition. On September 24, 2026, you stated you are asserting a retaining lien on the remainder of the file pending payment of costs.

I separately contacted Mr. Stein regarding this matter. He has confirmed that his role was limited to local counsel and that he does not possess the documents requested. Accordingly, this demand is directed to you as the attorney who conducted this litigation and who holds the materials described above.

Under Virginia Rule of Professional Conduct 1.16(e), upon termination a client is entitled to her complete file — including communications with opposing counsel — whether or not fees are owed. A retaining lien does not excuse this obligation.

I demand delivery of the remainder of my complete file, specifically including all written communications and discovery-related correspondence with defense counsel referenced above, by way of a secure digital download link or formal confirmation of delivery.

If I do not receive this by 12:00 PM on Monday, September 28, 2026, I will pursue all available remedies, including a bar complaint and raising the matter with the Court in connection with my pending post-judgment deadlines. I will attach this correspondence and my prior requests as evidence of noncompliance.

I expect your cooperation in resolving this without further escalation.

Sincerely,

Manimegalai Loganathan

[Quoted text hidden]

---

**Emanuel Kataev** <emanuel@sagelegal.nyc>
To: Megha <manimegalail@gmail.com>, Daniel Cohen <dcohen@consumerattorneys.com>, Alivia Cooney <alivia@sagelegal.nyc>
Cc: "astein meridianlawfirm.com" <astein@meridianlawfirm.com>

Megha:

You have been given the complete file and will not receive anything else you request unless and until you comply with your obligations under the retainer agreement to pay the costs we have extended. Fe
with your obligations, let us know if you will accept service of our lawsuit against you for breach of contract and related causes of action.

Regards,




[Quoted text hidden]

[Quoted text hidden]

# EXHIBIT C-1

**Complete September 25, 2026 Reply from Emanuel Kataev - Screenshot Supplied by Plaintiff**

**Exhibit C-1 - Complete Reply**

E

**Emanuel Kataev**
to me, Daniel, Alivia, astein

Sep 25, 2026, 2:33 PM (1 day ago)

Megha:

You have been given the complete file and will not receive anything else you request unless and until you comply with your obligations under the retainer agreement to pay the costs we have extended. Feel free to file your complaint and, assuming you are not going to comply with your obligations, let us know if you will accept service of our lawsuit against you for breach of contract and related causes of action.

Regards,




Reply Reply all Forward