**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| MANIMEGALAI LOGANATHAN,<br><br>*Plaintiff,*<br><br>v.<br><br>FERGUSON ENTERPRISES LLC,<br><br>*Defendant.* | Civil Action No. 4:25-cv-00120-JKW-RJK |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e), AND MEMORANDUM IN SUPPORT**

## INTRODUCTION

Plaintiff Manimegalai Loganathan, proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend the September 11, 2026 judgment (ECF No. 52), entered pursuant to the Court's Opinion & Order granting summary judgment (ECF No. 51). This motion is deliberately narrow. It relies only on the summary-judgment record, offers no new evidence, raises no issue concerning former counsel, and invokes only Rule 59(e)'s clear-error ground. It asks the Court to correct two applications of Fourth Circuit law that Plaintiff had already placed before the Court.

First, the retaliation ruling stated the correct notice principle - whether Ferguson understood, or should have understood, that Plaintiff was opposing unlawful discrimination - but then evaluated Plaintiff's three asserted protected activities separately. ECF No. 51 at 17-21. Plaintiff's opposition had already argued that Ferguson's understanding must be assessed "in context" under *Strothers v. City of Laurel*, 895 F.3d 317, 335-37 (4th Cir. 2018), and identified

the relevant context: her unequal-pay complaint to Rajat Nair, Nair's alleged national-origin explanation, her later discrimination-and-retaliation complaint to Vice President Harrison Rogers in Nair's presence, and Ferguson's subsequent EEO process. ECF No. 42 at 35-36. *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417-18 (4th Cir. 2015), likewise instructs that an asserted course of opposition must be viewed as a whole rather than parsed into isolated communications. Plaintiff cited that panoramic-lens principle before judgment. ECF No. 42 at 24-25.

Second, the Opinion separately analyzed whether the expectations in Ferguson's Performance Improvement Plan ("PIP") were legitimate and whether Plaintiff fulfilled them. ECF No. 51 at 12-16. In the legitimacy analysis, the Court required Plaintiff to show either that the PIP was not actually based on Ferguson's feedback or that the feedback was false, and treated Ferguson's own favorable performance evidence as going to fulfillment rather than legitimacy. Id. at 13-15. But *Sempowich v. Tactile Systems Technology, Inc.*, 19 F.4th 643, 650-52 (4th Cir. 2021), treats an employer's own recent favorable evaluations, awards, raises, and comparable employment actions as evidence bearing on whether asserted performance expectations were legitimate or genuinely held. Plaintiff made that argument before judgment. ECF No. 42 at 29-30.

Plaintiff therefore seeks limited relief: vacatur of summary judgment on her Title VII and Virginia Human Rights Act retaliation claims and on her discrimination claims insofar as they arise from termination. She does not seek reconsideration of the Court's separate compensation-evidence ruling, its ruling that the PIP itself was not independently actionable on the evidence presented, or any other ruling. The Court may address the elements it did not reach, or permit limited supplemental briefing on those elements using only the existing summary-judgment record.

## I. RULE 59(e) STANDARD

Rule 59(e) permits alteration or amendment of a judgment to accommodate an intervening change in controlling law, account for previously unavailable evidence, or correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). It is not a vehicle for evidence or theories that could have been raised before judgment. *Pacific Ins. Co. v. American National Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Plaintiff invokes only clear error. The two arguments below were preserved: the retaliation section of ECF No. 42 expressly relied on Strothers and contextual employer understanding, ECF No. 42 at 35-36, while the discrimination section expressly relied on Sempowich and Ferguson's own recent favorable assessments, id. at 29-30. This motion therefore asks the Court to reconsider the application of those previously presented principles to the existing record, not to supplement that record.

## II. THE PROTECTED-ACTIVITY ANALYSIS DID NOT APPLY STROTHERS AND DEMASTERS TO FERGUSON'S KNOWN CONTEXT

### A. The Opinion stated a contextual notice standard but applied it communication by communication.

The Opinion correctly recognized that opposition protection is triggered when "the employer understands, or should understand, that the plaintiff is opposing an unlawful practice." ECF No. 51 at 18. It then considered three asserted actions separately: Plaintiff's unequal-pay complaint to Nair, her later discrimination-and-retaliation complaint to Nair and Rogers, and her subsequent human-resources or workplace-concern submissions. Id. at 18-21. The pay complaint failed because Plaintiff had not incorporated Nair's asserted protected-status explanation into her own complaint; the later management complaint was deemed too generic standing alone; and the later workplace submissions were likewise treated independently. Id.

Footnote 10 confirms that the Court applied a reason-to-know standard rather than a magic-words requirement. Id. at 19 n.10. Plaintiff does not dispute that standard. The issue is how it was applied to the pay complaint: the Opinion required Plaintiff to restate an explanation that, on her evidence, the recipient of the complaint had supplied himself. Id. at 18.

Plaintiff's opposition had framed the notice question in exactly those terms. It cited Strothers for the proposition that the issue is whether the employer understood the communication in factual context. ECF No. 42 at 35. It then identified that context as Plaintiff's unequal-pay complaint to Nair, Nair's alleged national-origin explanation, Plaintiff's later use of the words discrimination and retaliation to management, and Ferguson's opening of an EEO matter, arguing that at minimum Ferguson's understanding was disputed. Id. at 35-36. Rule 59(e) therefore presents a question of application, not a newly invented theory: whether the protected-activity determination gave effect to the context already argued and already in the record.

**B. Strothers makes existing employer knowledge part of the notice inquiry.**

In deciding whether an employer understood or should have understood that an employee was opposing a Title VII violation, "courts examine not just the employee's complaint but also the factual context that is known to the employer." Strothers, 895 F.3d at 336 (citing *Okoli v. City of Baltimore,* 648 F.3d 216, 224 (4th Cir. 2011)). The Opinion relied on the same page of Okoli. ECF No. 51 at 17, 19. In Strothers, the employee's written complaint described only "harassment" and a "hostile environment," but the department director had himself told her that her supervisor wanted to hire someone of a different race. The Fourth Circuit held that the director's own statement "obviated the need for Strothers to regurgitate back to [him] what he already knew." Id. at 336-37. Strothers made that point in analyzing the employer's awareness, but the Opinion framed protected activity in the same terms: whether Plaintiff's evidence would have given Ferguson "reason to know" she was complaining of illegal conduct. ECF No. 51 at 19

n.10. That principle directly bears on the Opinion's conclusion that Plaintiff failed because she did not later incorporate Nair's asserted protected-status explanation into her own complaint. Id. at 18.

Viewed in Plaintiff's favor, the existing record permitted this sequence. Plaintiff states that in November 2023 she complained to Nair about compensation and Nair told her Ferguson could not match her compensation to American or U.S.-citizen peers because she was Indian and on a visa. ECF No. 41 ¶ 20. She states that in approximately July or August 2024 she again raised compensation concerns and Nair again attributed the disparity to her being Indian and on a visa. Id. ¶ 22. On October 28, Plaintiff told Rogers that she believed she was experiencing discrimination and retaliation; during the October 28-31 discussions she described changed treatment, reduced responsibilities, changes in Nair's communication and availability, and intimidating conduct. Id. ¶¶ 31-32. Nair participated in the October 31 meeting, as his own declaration confirms. Id. ¶ 32; ECF No. 37-1 ¶ 21.

Plaintiff does not contend that she repeated Nair's earlier compensation statement verbatim to Rogers; her summary-judgment opposition acknowledged the limitation in her written complaints. ECF No. 42 at 35-36. But exact repetition and notice are different questions. On Plaintiff's evidence, Nair did not need to be told again that national origin had entered the earlier compensation discussions because she alleges he supplied that explanation himself. A reasonable jury therefore could find that when Plaintiff later complained, in Nair's presence, of discrimination and retaliation in the same course of changed treatment, Ferguson had reason to understand that she was opposing conduct she believed involved prohibited discrimination.

That conclusion would not decide whether Rogers personally knew every earlier detail, whether an ultimate decisionmaker knew of protected activity, or whether causation or pretext is

established. Those remain separate questions. The Opinion stopped after protected activity and did not reach the remaining retaliation elements. ECF No. 51 at 21. The narrower Rule 59(e) question is whether protected activity could be resolved against Plaintiff as a matter of law without giving the existing knowledge attributed to Nair its Strothers significance.

**C. DeMasters requires the asserted course of opposition to be viewed as a whole.**

DeMasters rejected an approach that isolates individual communications and asks whether each, standing alone, constitutes protected opposition; the inquiry considers the employee's course of conduct as a whole. 796 F.3d at 417-18. Plaintiff cited DeMasters's panoramic-lens principle in her summary-judgment standard, ECF No. 42 at 24-25, and separately made the contextual notice argument under Strothers, id. at 35-36. Here, the asserted course included an unequal-pay complaint to Nair, Nair's alleged protected-status explanation, later compensation concerns, an October discrimination-and-retaliation complaint in Nair's presence, and subsequent workplace-concern activity. ECF No. 41 ¶¶ 20-22, 31-37. Ferguson argued that Plaintiff's contemporaneous communications linked retaliation to her internal-transfer request and that she did not report the earlier compensation issue beyond Nair. ECF No. 44 at 6-8. Those arguments remain available, but Rule 56 required the threshold notice question to be assessed on the record as a whole and with reasonable inferences drawn for Plaintiff. Plaintiff's October 31 written statement referred to her internal-role application, ECF No. 51 at 3, but her sworn account is that she reported the changed treatment she experienced "after raising compensation concerns and exploring internal opportunities." ECF No. 41 ¶ 31. A complaint may rest on more than one ground. Which ground a listener with Nair's knowledge should have understood is a question of inference, and at summary judgment that inference belongs to Plaintiff.

## III. THE LEGITIMATE-EXPECTATIONS ANALYSIS DID NOT GIVE SEMPOWICH EFFECT

### A. Sempowich recognizes employer-authored favorable assessments as evidence of legitimacy and genuineness.

The Opinion correctly recognized that employer expectations are illegitimate when they are a sham designed to conceal discriminatory purpose. ECF No. 51 at 13 (citing *Warch v. Ohio Casualty Insurance Co.*, 435 F.3d 510, 518 (4th Cir. 2006)). It then stated that Plaintiff could establish a sham by showing that the PIP expectations were not actually based on Ferguson's feedback or that the feedback itself was false. ECF No. 51 at 13-15. Because Plaintiff did not satisfy either route, the Court found no triable legitimacy dispute.

Sempowich recognizes an additional evidentiary route. Even assuming the employer's perception controls at the prima facie stage, a plaintiff may introduce "evidence that demonstrates (or at least creates a question of fact) that the proffered 'expectation' is not, in fact, legitimate at all." 19 F.4th at 650 (quoting Warch, 435 F.3d at 517). Sempowich also observed that the Fourth Circuit had required a focus on the employer's perception at the pretext stage but had "not so held with respect to a plaintiff's prima facie case." Id. (citing *Hawkins*, 203 F.3d at 279-80). Applying those principles, the court treated the employer's own recent favorable evaluations, repeated awards, salary raise, and discretionary equity grant as evidence creating a dispute over whether the employer genuinely held the negative performance assessment later advanced. Id. at 650-52; see also *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019) (bonuses and positive feedback weeks before termination raised a reasonable inference of satisfactory performance). The Opinion cited Sempowich for the elements of the prima facie case, including this one. ECF No. 51 at 7, 12. Sempowich does not hold that positive evidence automatically defeats summary judgment or that every criticism must be disproved. It does hold

that an employer's own contemporaneous assessment is material to whether its asserted expectations were legitimate or genuine.

That distinction matters because the Opinion characterized Plaintiff's favorable evidence as showing that she "did some good things too" and therefore as bearing on fulfillment rather than legitimacy. ECF No. 51 at 14. Plaintiff's Rule 56 argument, however, was not merely her subjective belief that she performed well. She relied on Ferguson's own formal rating, compensation decisions, praise, and recognition and expressly invoked Sempowich. ECF No. 42 at 29-30. Requiring Plaintiff first to prove every underlying criticism false before Ferguson's own recent contrary assessment could matter narrowed the legitimacy inquiry beyond the route Sempowich itself recognizes.

**B. Ferguson's own contemporaneous records created the relevant conflict.**

The Court identified the central evidence. Effective October 1, 2024, Ferguson gave Plaintiff a merit-based pay increase, a separate upward salary adjustment, and a bonus. ECF No. 51 at 15. Plaintiff's declaration states that the merit component was 2.8%, the additional adjustment was 14.80%, and the bonus paid at 17.05% of eligible earnings against a 15% target. ECF No. 41 ¶ 26. On October 2, Ferguson rated Plaintiff's FY2024 performance "Effective" and included positive comments. ECF No. 51 at 3, 15; ECF No. 41-5 at 6. The Court also acknowledged a December 5 recognition for Plaintiff's project impact. Id. at 15. The October 1-2 formal assessment preceded the November 21 PIP by approximately seven weeks and concerned the same managerial period immediately preceding the challenged performance process. Nair himself states that in the review he addressed what Plaintiff should do differently "with the aim being positivity and encouragement to change." ECF No. 37-1 ¶ 20. He attributes the change to deterioration over the following "days and weeks," id.; whether that account reflects a genuine change in Ferguson's assessment is the question Sempowich leaves to the factfinder.

The existing record also supplied concise process context. Ferguson's PIP guidance described beginning with discussion or review and identified, among other circumstances supporting a PIP, an Ineffective or Unsatisfactory annual rating, repeated mistakes after conversations, or continued failure to meet role expectations. ECF No. 41-10 at 2. Plaintiff, who had just received a 3 - Effective rating, contemporaneously asked Ferguson to explain how that rating aligned with the PIP and to reconcile conflicting statements about whether the underlying feedback was unsolicited or requested. ECF Nos. 41-5 at 6; 41-6 at 2. Her Workday comments recorded her objections and requests for clarification while also committing to participate and complete assigned training. ECF No. 41-11 at 2. Plaintiff's opposition already relied on this process evidence as part of the same pretext and expectations argument. ECF No. 42 at 31-32. These documents do not establish that Ferguson was prohibited from placing an Effective employee on a PIP; they reinforce the existing dispute over the consistency and genuineness of the expectations Ferguson asserted. To the extent Ferguson relies on criticism received after the October review, the record shows that at least some of it was solicited by Nair after October 28: his October 29 email states, "I have requested UST to share the feedback in writing." ECF No. 37-8; see ECF No. 42 at 31. Further submissions dated October 31 and November 1 followed. ECF No. 37-9. That timing bears on whether the later assessment reflected a genuine change in Ferguson's view.

**C. Footnote 9 resolves fulfillment at termination, not the separate legitimacy inquiry.**

Plaintiff does not dispute that performance at termination is ordinarily the relevant time for determining whether an employee fulfilled legitimate expectations. Footnote 9 therefore supplies an answer to the fulfillment question: the relevant expectations were those in the PIP, and most favorable evidence preceded the February 2025 termination. ECF No. 51 at 16 n.9. But fulfillment is measured against expectations that are legitimate, and the Opinion separately

undertook the logically prior question whether the PIP expectations themselves were legitimate. Id. at 12-15. Evidence from immediately before the PIP can be probative of that inquiry even if it does not establish compliance with every PIP requirement months later. Sempowich rejected the argument that an employer's favorable assessments may be disregarded because they predate the adverse action, reasoning that an employer relying on weaknesses from a period "cannot simultaneously argue that the court should ignore evidence about her performance during that same period." 19 F.4th at 651. Here, the Court found that Ferguson solicited feedback from Plaintiff's colleagues in June 2024, and that the October 2 annual review rating Plaintiff "effective" "also included 'extensive constructive feedback,' including from the plaintiff's colleagues." ECF No. 51 at 2-3. Ferguson thus issued its favorable rating with that criticism in hand, and awarded the October 1 merit increase, adjustment, and bonus the same week. Id. at 3, 15. Plaintiff acknowledges that the intervals in Sempowich were shorter than the seven weeks between the October rating and the PIP here; the principle, however, does not depend on a fixed number of days.

Ferguson argued that Sempowich does not mean mixed reviews or positive evidence automatically defeat summary judgment and emphasized factual differences between that case and this one. ECF No. 44 at 10-12. Plaintiff does not claim factual identity or an automatic result. Nor does she assert a separate Title VII right to receive confidential feedback: ECF No. 41 ¶ 74 is relevant only as context. The Rule 59(e) issue is narrower - whether Ferguson's own recent formal assessment could be excluded from the legitimacy/genuineness inquiry unless Plaintiff first established that the later criticisms were false. Plaintiff respectfully submits that Sempowich required that evidence to be considered in the legitimacy analysis itself.

## IV. THE IDENTIFIED ERRORS WERE MATERIAL TO THE JUDGMENT

Both challenged rulings were dispositive gates. On retaliation, the Court concluded that Plaintiff had not engaged in protected opposition and therefore did not reach causation or pretext. ECF No. 51 at 21. Those issues remain for determination on the existing summary-judgment record if the protected-activity ruling is reconsidered.

On termination discrimination, after finding no genuine dispute concerning legitimate expectations, the Court expressly declined to reach the unlawful-discrimination element. Id. at 16. The fulfillment ruling does not independently sustain the judgment if the legitimacy ruling was in error. The prima facie element asks whether Plaintiff was meeting Ferguson's legitimate expectations, and a plaintiff may satisfy it by showing that the expectations asserted were not, in fact, legitimate. Warch, 435 F.3d at 517. If a jury could find that the PIP expectations were not legitimate or genuinely held, failure to satisfy those disputed expectations could not by itself resolve the legitimate-expectations element as a matter of law, and footnote 9's timing analysis, which measures her evidence against the PIP, would not resolve the claim. ECF No. 51 at 16 n.9.

Correcting either error would not require the Court to decide ultimate liability on this Rule 59(e) motion. It would require only that the affected claims no longer rest on the threshold conclusions identified above. The remaining elements can then be adjudicated on the existing summary-judgment record, or the Court may permit limited supplemental briefing on those elements. Plaintiff seeks no Rule 59(e) relief from the Court's separate ruling regarding proof of Chen Liang's compensation, the ruling that the PIP itself was not independently actionable on the evidence presented, or any other portion of ECF No. 51.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court alter or amend the judgment under Rule 59(e) as follows:

1. Vacate summary judgment on Plaintiff's Title VII and Virginia Human Rights Act retaliation claims because the protected-activity analysis did not evaluate Ferguson's known context and Plaintiff's asserted course of opposition under Strothers and DeMasters;
2. Vacate summary judgment on Plaintiff's Title VII and Virginia Human Rights Act discrimination claims insofar as those claims arise from termination because the legitimate-expectations analysis did not give Sempowich effect as to Ferguson's own contemporaneous assessments; and
3. Restore those claims for adjudication of the elements the Opinion did not reach, or alternatively permit limited supplemental briefing on those elements using only the existing summary-judgment record, while leaving all other rulings in the Court's Opinion & Order (ECF No. 51) undisturbed.

Respectfully submitted,

L. Manimegalai

Manimegalai Loganathan
Plaintiff Pro Se
11042 Little Five Loop
Glen Allen, Virginia 23059
Telephone: (857) 499-3366
Email: manimegalail@gmail.com
Dated: October 5, 2026

**LOCAL CIVIL RULE 83.1(N) CERTIFICATION**

I declare under penalty of perjury that:
(1) No attorney has prepared, or assisted in the preparation of this document.

Manimegalai Loganathan
Name of Pro Se Party (Print or Type)

Signature: L. Manimegalai

Executed on: October 5, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, I submitted the foregoing for filing with the Clerk of the United States District Court for the Eastern District of Virginia. Upon docketing, the Court's CM/ECF system will transmit a Notice of Electronic Filing to Defendant's registered counsel of record. On the same date, I also sent a courtesy copy by email to rmcfarland@mcguirewoods.com, aturk@mcguirewoods.com, rbatzler@mcguirewoods.com, and cretzloff@mcguirewoods.com.

L. Manimegalai

Manimegalai Loganathan
Plaintiff Pro Se